VIRGINIA B. MATTHEWS, Respondent, *v.* EDWIN TUFTS, Appellant.

Where the defendant in an action is a non-resident the summons cannot be served upon him while attending a court in this State as a party.

This exemption from service of civil process applies to the case of a non-resident creditor attending proceedings in bankruptcy.

On a motion to set aside the service of a summons upon such creditor, the validity of his claims against the bankrupt's estate cannot be tried.

(Argued January 17, 1882; decided January 31, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 21, 1881, which reversed an order of Special Term, setting aside the sevice of the summons herein upon defendant Tufts, and dismissing the action as to him.

The motion was founded upon the affidavit of said defendant, which stated in substance that he was a resident of Boston, and came to the city of New York for the purpose of attending at the first meeting of creditors of Edward Matthews, a bankrupt, the husband of the plaintiff, held there before a register in bankruptcy; that defendant "attended said meeting solely as a creditor and witness, to prove certain debts and claims against the estate of said bankrupt, to participate in the choice of assignee, and for no other purpose." "While still attending in said office as such witness," and "about fifteen minutes after the meeting had adjourned," the summons in this action was served on the defendant.

The bankrupt made an opposing affidavit, in general terms, claiming that the defendant was, "in fact, no creditor of this deponent in said bankruptcy matter or otherwise, and was not at the date of said meeting." It was admitted that the defendant did prove eight claims at the meeting, amounting to $386,568.53.

*Austen G. Fox* for appellant. The service of the summons on defendant should be set aside, because at the time of service he was attending from another State as a party, as attorney in

fact for other parties, and as a witness before a judicial officer, in a judicial proceeding pending in this State. (U. S. R. S., §§ 4993, 4998, 5002, 5004–5, 5032–34, 5077–5883, 5091; *In re Kimball*, 2 Ben. 38; *In re Pioneer Paper Co.*, 7 B. R. 250; *Newton* v. *Askew*, 6 Hare, 319, 323; *Ex parte List*, 2 V. & B. 373; *Arding* v. *Flower*, 8 T. R. 534; *Ex parte King*, 7 Ves. Jr. 312; *Willingham* v. *Matthews*, 6 Taunt. 356; *Chauvin* v. *Alexandre*, 31 L. J. [N. S.] 79; *Wood* v. *Neale*, 5 Gray, 538; *Thompson's Case*, 122 Mass. 428; *Moore* v. *Booth*, 3 Ves. 350; *In re Paddock*, 6 B. R. 396; Com. Dig. tit. Priv. [a 3]; *Holiday* v. *Pitt*, 2 Stra. 985; *Cole* v. *Hawkins*, Andr. 275; 2 Stra. 1094; *Gilpin* v. *Cohen*, L. R., 4 Exch. 134; *Miles* v. *McCullough*, 1 Binn. 77; *Hayes* v. *Shields*, 2 Yeates [Pa.], 222; *Huddeson* v. *Prezer*, 9 Phila. 65; *Parker* v. *Hotchkiss*, 1 Wall. 269; *Juneau Bk.* v. *McSpedan*, 5 Biss. 64; *Lyell* v. *Goodwin*, 4 McL. 29; *McFerran* v. *Wherry*, 5 Cr. C. C. 677; *Halsey* v. *Stewart*, 1 South [N. J.], 366; *Miller* v. *Dungan*, 8 Vr. [N. J.] 182; *In re Healy*, 53 Vt. 694; Co. Inst. 424, tit. Privilege of Parliament; *Bolton* v. *Martin*, 1 Dall. 296; *Geyer* v. *Irwin*, 4 id. 107; *Anderson* v. *Rountree*, 1 Pinn. [Wis.] 115; *Doty* v. *Strong*, id. 84; *Cassidy* v. *Stewart*, 2 Scott [N. R.], 432; Com. Dig., tit. Parliament [*d* 17]; *Pollard* v. *U. P. R. Co.*, 7 Abb. Pr. [N. S.] 70; *Jenkins* v. *Smith*, 57 How. Pr. 171; *Person* v. *Grier*, 66 N. Y. 124; *Alisbury* v. *Troughton*, 1 Ch. 92; *Solomon* v. *Underhill*, 1 Camp. 229; *Childerston* v. *Barrett*, 11 East, 439; *Persse* v. *Persse*, 5 H. L. Cas. 671; *Bromley* v. *Holland*, 5 Ves. 2; *Gilpin* v. *Cohen*, L. R., 4 Exch. 131; *Arding* v. *Flower*, 8 T. R. 534; *Ex parte List*, 2 V. & B. 373; *Ex parte King*, 7 Ves. Jr. 312; *Selby* v. *Hills*, 8 Bing. 66; *Mountague* v. *Harrison*, 3 C. B. [N. S.] 298; 1 Bro. Abr., tit. Priv., 1; *Jones* v. *Marshall*, 2 C. B. [N. S.] 615; *Atty-Gen'l* v. *Skinners' Co.*, 8 Sim. 377; *Ex parte Britten*, 4 Jur. 943; *In re Joseph*, 2 Woods, 390; *In re Kyle*, 2 Ben. 414; *In re Patterson*, 1 id. 448; *In re Orme*, id. 361, 365; *In re Merrill*, 16 B. R. 35; *In re Jackson*, 14 id. 449; *In re Ray*, 2 Ben. 53; *Walpole* v. *Alexander*, 3 Doug. 45.) Defendant was privileged from ser-

vice, although he attended voluntarily and was not examined, and although he might have been examined out of the State. (*Dixon* v. *Ely*, 4 Edw. Ch. 557; *Walpole* v. *Alexander*, 3 Doug. 45; *Byrne*, 1 V. & B. 316; *Jones* v. *Knauss*, 31 N. J. Eq. 211; *Salhinger* v. *Adlar*, 2 Robt. 237; *Wetherell* v. *Seitzinger*, 1 Miles [Pa.], 237.) The provision of the Revised Statutes as to the protection of witnesses from arrest does not alter the common-law rule. (*Larkin* v. *Starkey*, 7 Hun, 479.)

**W.** *A. Abbott* for respondent. The attendance of Mr. Tufts at the meeting of creditors as a party or suitor did not exempt him from a service of the summons. (Code of Civil Procedure, § 860; 2 R. S. 402, § 51; 3 R. S. [Banks' 6th ed.] 665, § 74; *Bours* v. *Tuckerman*, 7 Johns. 538, note; *William* v. *Bacon*, 10 Wend. 636; *Lucas* v. *Albe*, 1 Den. 666; *Bishop* v. *Vose*, 27 Conn. 1, 12; *Jenkins* v. *Smith*, 57 How. Pr. 171.)

RAPALLO, J. In *Van Lieuw* v. *Johnson*, decided March, 1871, and referred to in *Person* v. *Grier* (66 N. Y. 124), a majority of this court were of opinion that a summons could not be served upon a defendant, a non-resident of the State, while attending a court in this State as a party. This immunity does not depend upon statutory provisions, but is deemed necessary for the due administration of justice. It is not confined to witnesses, but extends to parties as well, and is abundantly sustained by authority. (*Cole* v. *Hawkins*, Andr. 275; *S. C.*, 2 Str. 1094; *Arding* v. *Flower*, 8 T. R. 534; *Miles* v. *McCullough*, 1 Binn. 77; *Hayes* v. *Shields*, 2 Yeates, 222; *Parker* v. *Hotchkiss*, 1 Wall. Jr. 269; *Juneau Bank* v. *McSpedan*, 5 Biss. 64; *Halsey* v. *Stewart*, 1 South. [N. J.] 366; *Miller* v. *Dungan*, 8 Vr. [N. J.] 182; *In re Healey*, 53 Vt. 694.) This exemption from service of civil process has been frequently accorded to creditors attending proceedings in bankruptcy (*Ex parte List*, 2 Ves. & B. 373; *Ex parte King*, 7 Ves. Jr. 312), and to a creditor who attended before the commissioners to propose himself as assignee and watch the proceedings. (*Selby* v. *Hills*, 8 Bing. 166.) Commissioners in bankruptcy are a court of justice sufficient for the purpose of

having their witnesses protected by the Court of Chancery, at least, if not by themselves. They sit in the nature of a court in the administration of justice. (*Arding* v. *Flower*, 8 T. R. 534.) In proceedings in bankruptcy the due administration of justice requires that all the creditors should be free to attend, without interference by service of process of any kind. The moving affidavit showed that the defendant came from Boston where he resides, to New York, and attended the meeting of creditors at the office of the register in bankruptcy, solely as a creditor and witness, to prove certain debts and claims against the estate of the bankrupt, and to participate in the choice of an assignee, and for no other purpose; that while so attending, and while the meeting was being held, or immediately thereafter, before he had time to complete his business as such creditor and witness at such meeting and leave the office, the summons was served upon him. It appears that the defendant did at said meeting present proofs of claims amounting to upwards of $386,000 in his own behalf, and also presented proof of claims of other creditors as their attorney in fact, and voted for the assignee both individually and as attorney for the other creditors whom he represented, and that the proofs of debt had been prepared and verified in Massachusetts. The plaintiff claims that the defendant was not attending as a witness, but only as a creditor, and also, on the hearing of the motion, read affidavits denying the validity of his claims as a creditor. These claims could not be tried on the motion to set aside the service, and, conceding that the defendant was in attendance only as a party, and as attorney of other parties, we think that he was privileged from service of process or summons while so attending.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.