Pee Ctjeiam.
The defendant being a non-resident of the city, came within the jurisdiction of this court for the purpose of attending a criminal trial before a justice of the peace. The summons in this case was served upon him immediately on the termination of the trial and before he had left the court room. The service of the summons was set aside by the order appealed from. We think the order was right, although there is no proof that the defendant was served with a subpoena to attend as a witness, there is no question but what he actually attended as a witness, and for no other purpose. In one of the cases before the justice he seems to have been the complaining witness. If his attendance was voluntary, it was no more so than that of any witness who comes from another state to' testify in our courts.
The Court of Appeals have settled it that a witness or a party who so comes from another state is exempt from the service of summons or other process for the commencement of an action eundo morando et redeundo. See Persen v. Grier, 66 N. Y., 124; Matthews v. Tufts, 62 How. Pr. 508. There seems to be no good reason for distinguishing between the case of a witness coming voluntarily within the jurisdiction of the Supreme Court, and one so coming within the jurisdiction of this court. The witness who comes to assist in the administration of the law, ought to have the same protection in one case as in the other. In Persen v. Grier, Judge Allen says: “ In some instances witnesses and suitors, residents of the state, have only been discharged from arrest upon filing common bail; but the service-of process upon non-resident witnesses and suitors, has been absolutely set aside, thus giving color to a distinction between the two classes in respect to their immunity. Whether any distinction should, or does in fact, exist, is at 'least doubtful. This immunity is one of the necessities of the administration of justice, and courts would often be embarrassed if suitors or witnesses, while attending court, could be molested with process. Witnesses might be deterred and parties prevented from attending, and delays might ensue, or injustice be done.” These remarks are made with reference to arrest, but the same reasoning applies to exemption from the service of summons. If, as the Court of Appeals holds, a witness, who from without the state, attends a court to give his testimony, shall not thereby be subjected to the jurisdiction of that court, for the purpose of commencing a suit against him, why should not the defendant in this case have the same protection ? Doubtless he would have justice done him if his case should be tried here, but he is not to be dragged in because he comes into the city as a witness in one of our local courts.
The order should be affirmed with $10 costs and disbursements.
REYNOLDS and Clement, JJ., sitting.