## MURPHY *v.* SWEEZY.

(*Supreme Court, Special Term, New York County.* August 24, 1888.)

WRITS—SERVICE OF PROCESS—PRIVILEGE—DEFENDANT IN CRIMINAL CASE.

A non-resident, who comes into the state simply to answer a criminal charge, is entitled to immunity from service of civil process while awaiting examination, under a bail-bond conditioned for his appearance at any time when called on, the examination having been postponed on account of the inability of the complaining witness to attend.

At chambers. Motion to set aside service of summons, and vacate order of arrest.

Action by Annie L. Murphy, by her guardian *ad litem*, against Field W. Sweezy, for damages for breach of promise to marry, and assault. From the affidavits in support of the motion it appeared that while defendant was at his home, in Indiana, the sheriff told him he had received a request from the police authorities of New York city to arrest defendant upon a charge of criminal seduction and abortion, and that he proposed to arrest him until requisition papers could be procured, and that thereupon defendant consented to come to New York city without requisition papers; that he arrived in New York on Sunday, July 29th, and on the following morning gave himself up to the authorities, and was arraigned upon the said charge, to which he pleaded not guilty, and demanded an examination; that the examination was thereupon adjourned until such time as this plaintiff should be able to attend as a witness against him; that defendant gave bail July 31st, and was released from prison; that the examination has not taken place; that defendant came into the state solely to defend himself against said criminal charge. The summons was served, and the order of arrest executed, August 2d. The bail-bond required defendant to appear at any time when called upon to proceed with said examination.

*John O. Mott*, for defendant. *George W. Dease*, for plaintiff.

PATTERSON, J. The service of the summons must be set aside, and the order of arrest vacated in this action. The defendant, a non-resident, came into the state simply to answer the charge made against him, and while he was necessarily here, waiting an examination, the papers in this action were served upon him. The immunity from service or arrest, under circumstances such as appear in this case, applies to a party as well as a witness, as appears from the remarks of ALLEN, J., in *Person* v. *Grier*, 66 N. Y. 126, referring to what was decided in *Van Lieuw* v. *Johnson*, (not reported;) *Matthews* v. *Tufts*, 87 N. Y. 568. It does not sufficiently appear that the proceedings before the magistrate were adjourned at the request of the defendant, but it seems that the adjournment was required by the inability of the complainant to attend, and I do not see how, in view of the condition of the bail-bond, it can be said that the defendant was allowed a reasonable time before service to leave the state. Motion granted.