### THORP *v.* ADAMS.

*(Supreme Court, Special Term, New York County.   May 26, 1890.)*

WRITS—SERVICE OF PROCESS—NON-RESIDENT WITNESS.
    Defendant, a resident of Massachusetts, came to New York for the purpose of
    testifying before a committee of the legislature.   When he arrived he learned
    that the committee would not sit until four days later, and he remained until the
    meeting of the committee, and testified before it.   As he was leaving the committee
    room process in an action brought in New York was served on him.   *Held*, that
    the service should be set aside.

Action by Laura M. Thorp against Thomas Adams.   Defendant moves to
set aside service of process on him made while he was in the state as a wit-
ness.

*E. E. Price,* for plaintiff.   *John J. Adams,* for defendant.

LAWRENCE, J.   I cannot distinguish this case from that of *Matthews* v.
*Tufts,* 87 N. Y. 568, in which case the defendant stated in substance that he
was a resident of Boston, and came to the city of New York for the purpose
of attending at the first meeting of creditors of one Mathews, a bankrupt, the
husband of the plaintiff, held there before a register in bankruptcy; and that
the defendant attended said meeting solely as a creditor and witness to prove
certain claims against said bankrupt, and to participate in the choice of an
assignee, and that, while attending as such witness, and about 15 minutes
after the meeting had adjourned, the "summons in this action was served
on the defendant."   The court of appeals, RAPALLO, J., in delivering the
opinion, says: "This immunity of a defendant and non-resident of the state
does not depend upon statutory provisions, but is deemed necessary for the
due administration of justice, and is not confined to witnesses, but extends to
parties as well, and is abundantly sustained by authority."   In this case the
defendant swears that he has resided since 1886 in the city of Boston, and
that he came to this state on May 15, 1890, for the purpose of giving his evi-
dence as a witness before the committee on cities of the senate of the state of
New York, which was, and had been for some time previous, taking evi-
dence in the city of New York, under a resolution of that body; that the com-
mittee on cities did not sit on Thursday, May 15th, but announced that it
would sit on Monday, May 19th, and that he therefore remained in said city
until the meeting of the committee on the 19th inst., and then attended be-
fore it, and gave his evidence; that as he was leaving the room in which said
committee held its session, he was served with the summons herein, by a per-
son who had been sitting in the court-room during the time that he was giv-
ing his evidence; that his sole and only object in remaining until the 19th
inst. was because the committee had adjourned until that date.   It is sought
in this case to show that, although the residence of the defendant may have
been in the city of Boston, his domicile was in the city of New York.
It appears from the papers that, in consequence of the differences between
the defendant and his wife, they separated from each other about the year
1886, and that since that time he has resided in the city of Boston.   Under
these circumstances it would seem that the case of *Matthews* v. *Tufts, supra,*
is directly in point.   There, as already stated, the party served had come on
solely as a creditor and witness to prove certain debts and claims against the
estate of the bankrupt, and he was served shortly after the adjournment
of the meeting at which he had attended.   Yet the court held that he was

entitled to his discharge, and set aside the summons. I have read with attention the brief filed on the part of the plaintiff in opposition to this motion, but am constrained to say that I find nothing in it or in the affidavits read which conflicts with the decision in the case of *Matthews* v. *Tufts, supra,* and therefore the motion to set aside the summons will be granted, with costs.