## HOLLANDER *v.* HALL.

*(Supreme Court, General Term, First Department.* October 24, 1890.)

WRITS—SERVICE—PRIVILEGE OF WITNESS.

　　Defendant, who had resided in New York until 1853, in that year established a residence in Cuba, and for many years continued to reside there, and afterwards in other foreign countries. Having come to New York for the purpose of giving testimony as a witness in an action pending there, a summons was served on him. *Held,* that the service should be set aside, though he still claimed to be a citizen of New York.

Appeal from special term, New York county.

Action by John H. Hollander against Henry C. Hall. From an order setting aside the service of the summons in the action on defendant, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Robert D. Benedict,* for appellant. *Daly, Hoyt & Mason,* (*Charles P. Daly,.* of counsel,) for respondent.

DANIELS, J. The defendant has sworn that he went to Matanzas, in the island of Cuba, and there established his residence, and engaged in mercantile business, in 1853, and continued in that business until 1864, and that has in no way been contradicted. That deprived him of his residence in this state, and made him a resident of Matanzas. After that he was in the consular and foreign service of the United States until March, 1889, and then he went to Managua, in Nicaragua, as resident agent of a maritime canal company, and still holds that position. He did not, therefore, resume his residence in the United States after he surrendered it and went into business in Matanzas, in 1853; and his answer to the question whether he had any residence in the United States, in which he replied, "Well, I can't say that I have. I have just at present. Poughkeepsie, probably,"—and his further answer that he still claimed to be a citizen of the state of New York, did not change the effect of this continued residence abroad. This is especially so in view of the explanation given by him that he made that city his head-quarters, and was there only when he happened to be within this state. He came here to give his testimony as a witness in an action pending in this state at the time when he was served with the summons in this action, and intended to depart. —as he did again—after his deposition was taken. As he was not a resident of the state, but came into it for the purpose of giving his evidence, this service of the summons upon him was irregular. It has been the policy of the law, as it has been administered by the courts of this state, to induce witnesses personally to attend here from abroad to give their evidence. It is an advantage to the parties to legal controversies, as well as the tribunals charged with the duty of settling such controversies; and when a person does attend as such witness, he is not liable to be interfered with by the service of legal process upon him. The principle to that effect has become so well settled as no longer to be open to question. *Frisbie* v. *Young,* 11 Hun, 474; *Lamkin* v. *Starkey,* 7 Hun, 479; *Merrill* v. *George,* 23 How. Pr. 332; *Person* v. *Grier,* 66 N. Y. 124; *Matthews* v. *Tufts,* 87 N. Y. 568. The defendant was entitled to the benefit of this principle when the service of the summons was made upon him. It was rightly set aside, therefore, and the order should be affirmed with $10 and the disbursements. All concur.