ALBERT A. BUNCE, Respondent, *v.* CHARLES F. HUMPHREY, Appellant.

Witness — non-resident — service of process — when service of summons upon a non-resident witness will be set aside.

Where a non-resident voluntarily came into the state for the purpose of being a witness, service of a summons upon him made before the jury rendered its verdict in the cause upon which he was in attendance will be set aside. Such witness does not lose his right to exemption from service of civil process if, after his voluntary appearance as a witness in an action, he is served with a subpœna therein which is in force when the summons is served. (*Dwelle* **v.** *Allen*, 151 App. Div. 717, distinguished.)

*Bunce* v. *Humphrey*, 163 App. Div. 887, reversed.

(Submitted January 6, 1915; decided January 26, 1915.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 8, 1914, which affirmed an order of Special Term denying a motion to vacate and set aside the service of a summons.

The following question was certified: "Was the defendant in this action privileged so as to exempt him

from the service of the summons in this action at the time such summons was served upon him ? "

The facts, so far as material, are stated in the opinion.

*Robert T. Oliver* and *William N. Cohen* for appellant. A non-resident witness under subpœna is privileged from service of process. (*Netograph Mfg. Co. v. Scrugham*, 197 N. Y. 382; *Powell* v. *Pangburn*, 161 App. Div. 453; *Dwelle* v. *Allen*, 193 Fed. Rep. 549.)

*Charles R. Bradbury* for respondent. If the defendant was required to come into this jurisdiction, or was compelled to remain here, then the service herein is valid, and should not be set aside. (*Dwelle* v. *Allen*, 151 App. Div. 717.)

HISCOCK, J. This appeal involves an application to set aside the service of a summons made on the defendant while he was in attendance at a term of the United States District Court in the city of New York, such attendance at the immediate time of the service being commanded by a subpœna. The question whether such summons could be properly served on him at the time that it was, requires only the determination whether certain general and fundamental principles are applicable to the facts which appear in this case.

The defendant was a resident of the state of California but was in Germany. On the request of the attorney-general or his representative he voluntarily came from Germany to New York for the purpose of being a witness in a prosecution then being conducted in the name and behalf of the United States, and after he had thus voluntarily come within the jurisdiction of the court he was served with a subpœna requiring him to remain in attendance as a witness in that case until dismissed by the court or the attorney-general. At the time when the summons was served on him the case had been submitted

to the jury but the latter had not as yet rendered its verdict. In view of the circumstance that the case had not been terminated by a verdict, we think there is nothing in the contention of the respondent that any grace which the defendant might have enjoyed during the pendency of the trial had expired and that he should have left the state before the service was made, and we shall not give further consideration to that contention.

Much might be written concerning the rules which under varying conditions temporarily exempt a party from service of civil process, but I think that the principles which are to be considered here may be very briefly stated as they were approved in the recent case of *Netograph Mfg. Co.* v. *Scrugham* (197 N. Y. 377, 380). Referring to this right of exemption, it was said: "It is not a natural right, but a privilege which has its origin in the necessity for protecting courts from interruption and delay; and witnesses or parties from the temptation to disobey the process of the courts. * * * It is not only not a natural right but it is in derogation of the common natural right which every creditor has to collect his debt by subjecting his debtor to due process of law in any jurisdiction where he may find him. The privilege should, therefore, not be extended beyond the reason of the rule upon which it is founded. Since the obvious reason of the rule is to encourage voluntary attendance upon courts and to expedite the administration of justice, that reason fails when a suitor or witness is brought into the jurisdiction of a court while under arrest or other compulsion of law. Such a suitor or witness does nothing to encourage or promote voluntary submission to judicial proceedings. He comes because he cannot do otherwise. That seems to be the basis for the exception to the general rule of privilege which is illustrated in cases where persons are brought into the jurisdiction of a court under extradition from other states or foreign countries. * * * The privilege is held not to exist in such cases."

I assume that it would not be disputed that the rule would be applicable and the defendant be exempt under it from service if he had voluntarily come from Germany and remained in New York in attendance as a witness without service of any subpœna. But it has been thought that the exemption did not prevail, because after his voluntary appearance to be a witness he had been served with a subpœna which was in force when the summons was served and which it is considered transformed his presence into one under compulsion of law.

Assuming, for the purposes of this discussion but not deciding, that a subpœna with its limited penalties and terrors in case of disobedience can be regarded as such a compulsory process as will deprive one subject to its commands of the exemption from service of other process, we nevertheless do not think that it should be allowed such effect in this case. We think that on the facts presented to us the defendant was clearly within the spirit of the rule which protects from service of process one who voluntarily attends in a given jurisdiction as a witness. The defendant voluntarily came from a foreign country for the express purpose of attending as a witness the very proceeding upon which he was in attendance when served with the summons.

The primary and fundamental fact which placed him in New York was his free and uncompelled act in coming there to give testimony and aid the administration of justice. Except for this action no subpœna could have been served on him, and we are entitled to conclude that the latter did not change or impair the character of his voluntary appearance. It is hardly to be believed that a person who had freely traveled from Germany to New York in order to be a witness would need the restraint of a subpœna to compel his presence for the very purpose for which he had already presented himself; and it is equally difficult to think that a person who, in the words of the *Scrugham* case, has come within "the obvious reason of the rule

\* \* \* to encourage voluntary attendance upon courts and to expedite the administration of justice" should be deprived of his character as a voluntary witness and of the benefits of the rule by service of a subpœna after he has appeared. It is this willingness to appear and aid the advancement of justice which should be rewarded and encouraged by exemption from service of process, and if one has satisfied this requirement he ought not to be deprived of protection because unnecessarily or from an abundance of caution he is served with a mandate of the court requiring him to do the very thing which he is already voluntarily engaged in performing. That would be a violation of the spirit of the rule and would tend to the discouragement of the very object sought by it to be gained.

I think that the case of *Dwelle* v. *Allen* (151 App. Div. 717), said to have been especially relied on by the courts below in reaching their decision, may be distinguished from this case in respect of one important fact, which is taken into account by the rule to which we have made reference. In the *Dwelle* case the defendant was subpœnaed while he was within the state voluntarily it is true, but not for the purpose of being a witness in the proceeding to which he was subsequently subpœnaed. He came into the state for reasons of his own and was then subpœnaed for the subsequent appearance during which service of the summons was made upon him. It could not be said that his voluntary action had in any way contributed to his presence as a witness, but, on the other hand, he expressly averred that he was present in the state at the time service was made upon him under the compulsion of the subpœna. There was entirely lacking that important element within the spirit of the rule which is here present, that a person at the request of the public attorney has voluntarily presented himself for the purpose of being a witness and has voluntarily placed it within the power of the public attorney to serve upon him

the subpœna under which he continued his voluntary entrance within the jurisdiction of the court.

In accordance with these views, I recommend that the orders appealed from be reversed, with costs, and that the motion to set aside the service of the summons be granted, with costs, and that the question certified to us be answered in the affirmative.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Ordered accordingly.