WILFRED V. N. POWELSON, Respondent, *v.* THE PROCTER & GAMBLE COMPANY, Appellant. (Action No. 1.)

First Department, March 17, 1922.

**Process — service of summons within State on vice-president of foreign corporation attending trial as witness in action by present defendant against present plaintiff — service made immediately after close of trial set aside — present plaintiff could have obtained all necessary relief in first action.**

The service of a summons on the defendant, a foreign corporation, will be set aside where it appears that the service was made on the vice-president of the defendant immediately after the close of the trial of an action in the United States District Court in this State, between the present defendant as plaintiff and the present plaintiff as defendant, in which action the said vice-president was in attendance at the trial as a witness, as such service was in violation of the rule which exempts parties or witnesses coming from another State or jurisdiction, from the service of civil process while in attendance upon the court and during a reasonable time in coming and going.

Furthermore, the vacating of the service of the summons herein will not deny or deprive the plaintiff of any rights, for it is clear that every claim that he makes in the present action could have been presented by him as a defendant in the first action.

APPEAL by the defendant, Procter & Gamble Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of February, 1922, denying its motion to vacate and set aside the service of the summons.

*Wing & Russell* [*Burt D. Whedon* of counsel], for the appellant.

*Davies, Auerbach & Cornell* [*Charles H. Tuttle* of counsel; *Stephen C. Baldwin* and *Martin A. Schenck* with him on the brief], for the respondent.

CLARKE, P. J.:

The affidavit of Wallace E. McCaw sets forth: " I am a resident of Cincinnati, Ohio, and am vice-president of The Procter & Gamble Company, a corporation organized under the laws of Ohio and having its principal office in the City of Cincinnati, Ohio. * * * The Procter & Gamble Company does not do business, and has never done business in the State of New York, nor has it obtained authority to do business in that State. Said Company has no office in the State of New York, and has no property therein and no qualified agent therein upon whom process may be served. On January 16, 1922, I came to New York City from Cincinnati, Ohio, for the sole purpose of testifying as a witness at the trial of an action pending in the United States District Court for the Southern District of New York, in which the Procter & Gamble Company was plaintiff and Wilfred V. N. Powelson was defendant, on behalf of the plaintiff in said action. The trial of this action commenced on January 16th and continued daily thereafter, except on Saturday and Sunday, * * * until January 24th. I was in attendance during the whole of the trial of said action and was called to the witness stand by the attorney for the Procter & Gamble Company, and gave testimony in said trial on January 17th and again on January 24th. Said trial ended on January 24th at about three thirty o'clock P. M. and almost immediately thereafter I left the court room in the United States Postoffice Building for the purpose of going to my hotel and preparing to take the train for Washington, D. C., where I had a business engagement the next day. As I left the court room and entered the corridor outside, I was served with a summons in the above entitled action. At midnight of January 24th, the day on which I was served with said summons, I took the train for Washington, D. C., arriving there the next morning, and having transacted my business there, I later returned to Cincinnati, Ohio."

It appears, therefore, that service upon the defendant, a foreign corporation, was attempted to be made by service upon its vice-president while a witness in its behalf in an action upon a trial wherein it was plaintiff in the United States District Court for the Southern District of New York.

In *Stewart* v. *Ramsay* (242 U. S. 128), the defendant was served with a summons as he was leaving the court room after being in attendance upon the District Court as a witness in a case wherein he was the plaintiff. In affirming the District Court, which had set aside this service, the Supreme Court of the United States said: " The true rule, well founded in reason and sustained by the greater weight of authority, is that suitors, as well as witnesses, coming

from another State or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going. A leading authority in the State courts is *Halsey* v. *Stewart*, 4 N. J. L. 366, decided in the New Jersey Supreme Court nearly one hundred years ago, upon the following reasoning: ' Courts of justice ought everywhere to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defense which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance. He should also be enabled to procure, without difficulty, the attendance of all such persons as are necessary to manifest his rights. Now, this great object in the administration of justice would in a variety of ways be obstructed, if parties and witnesses were liable to be served with process, while actually attending the court. It is often matter of great importance to the citizen, to prevent the institution and prosecution of a suit in any court at a distance from his home and his means of defense; and the fear that a suit may be commenced there by summons will as effectually prevent his approach as if a *capias* might be served upon him. This is especially the case with citizens of neighboring States, to whom the power which the court possesses of compelling attendance, cannot reach.' The State courts, with few exceptions, have followed this rule, applying it to plaintiffs as well as defendants, and to witnesses attending voluntarily as well as those under subpœna. Illustrative cases may be cited: *Richardson* v. *Smith*, 74 N. J. L. 111, 114; *Matthews* v. *Tufts*, 87 N. Y. 568; *Mitchell* v. *Huron Circuit Judge*, 53 Michigan, 541; *Andrews* v. *Lembeck*, 46 Ohio St. 38; *Wilson* v. *Donaldson*, 117 Indiana, 356; *First Nat. Bank* v. *Ames*, 39 Minnesota, 179; *Linton* v. *Cooper*, 54 Nebraska, 438; *Bolz* v. *Crone*, 64 Kansas, 570; *Murray* v. *Wilcox*, 122 Iowa, 188; *Martin* v. *Bacon*, 76 Arkansas, 158."

In *Person* v. *Grier* (66 N. Y. 124) the Court of Appeals of this State affirmed an order setting aside the service of a summons upon a resident of Pennsylvania while in attendance as a witness in an action in the Supreme Court of this State, wherein he was a defendant, saying: " It is the policy of the law to protect suitors and witnesses from arrests upon civil process while coming to and attending the court and while returning home. Upon principle as well as upon authority their immunity from the service of process for the commencement of civil actions against them is

29

absolute *eundo, morando et redeundo*. This rule is especially applicable in all its force to suitors and witnesses from foreign States, attending upon the courts of this State. * * * This immunity is one of the necessities of the administration of justice, and courts would often be embarrassed if suitors or witnesses, while attending court, could be molested with process. Witnesses might be deterred, and parties prevented from attending, and delays might ensue or injustice be done. * * * The defendant Grier attended in this State, in good faith, as a witness, and the summons was served upon him while he was so attending and during the continuance of the freedom from arrest. The courts will not take jurisdiction of a party whose rights are thus invaded. It would be, in effect, and for all practical purposes, a withdrawal of the shield and protection which the law uniformly gives to witnesses, if a party coming from a foreign State could be served with process and an action commenced against him, the judgment in which would conclude him in all jurisdictions and could be enforced by action everywhere."

In *Netograph Manufacturing Co.* v. *Scrugham* (197 N. Y. 377, 380) the court said: "For present purposes it is enough to say that from the earliest times it has been the policy of the common law that witnesses should be produced for oral examination, and that parties should have full opportunity to be present and heard when their cases are tried. It is in furtherance of that policy and the due administration of justice that suitors and witnesses from abroad are privileged from liability to other criminal and civil prosecution, *eundo, morando et redeundo*. (Year Book, 13 Henry IV, I. B. Viner's Abr. ' Privilege.') It is not a natural right, but a privilege which has its origin in the necessity for protecting courts from interruption and delay, and witnesses or parties from the temptation to disobey the process of the courts."

In *Bunce* v. *Humphrey* (214 N. Y. 21) the Court of Appeals unanimously reversed an order denying a motion to vacate the service of a summons made on the defendant while he was in attendance at a term of the United States District Court in the city of New York, such attendance at the immediate time of the service being commanded by a subpoena, and granted the motion, quoting *Netograph Manufacturing Co.* v. *Scrugham* (*supra*).

It would seem from the foregoing authorities that the rule exempting parties or witnesses in attendance upon a trial from the service of process was thoroughly established as a matter of public policy. The defendant, a foreign corporation, which was the plaintiff in the action upon the trial in the United States District Court, could only be served by service upon its officer,

its vice-president, who himself was here as a witness in its behalf. As the rule expressly extends to parties both defendant and plaintiff and to witnesses I am unable to perceive any ground whatever for refusing to extend to the corporation and its officer the privilege of immunity from service while attending court which has been established by the highest courts of the State and Nation. It is claimed it would be unjust to one of our citizens to permit him to be sued by a foreign corporation in the courts of this State and not permit him to institute proceedings on his own behalf against that foreign corporation by service upon its officer as attempted to be done in the case at bar. But in the action in the United States District Court the defendant did interpose nine counterclaims in his answer. He now claims that he desires to set up an equitable claim for dissolution of the joint enterprise and an accounting and that this action is brought for that purpose. He could have asserted such a claim in his answer in the Federal suit or he could have amended his answer during his trial and set up such a claim.

Section 274a of the Federal Judicial Code provides: " In case any of said courts shall find that a suit at law should have been brought in equity or a suit in equity should have been brought at law, the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice. Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court. The cause shall proceed and be determined upon such amended pleadings. All testimony taken before such amendment, if preserved, shall stand as testimony in the cause with like effect as if the pleadings had been originally in the amended form," and section 274b of the Federal Judicial Code provides: " In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of [or] seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication." (See 36 U. S. Stat. at Large, 1164, §§ 274a, 274b, as added by 38 id. 956, chap. 90.)

It is clear that the plaintiff had ample opportunity under these provisions to present in the action brought against him in the District Court any equitable counterclaim or defense which he may have had. It is clear, therefore, that plaintiff's claim that

by vacating the service of the summons herein plaintiff will be denied any rights which a citizen would have is not well founded.

It seems to us of the utmost importance in the proper administration of justice that the ancient rule securing free and unhampered attendance upon the courts shall be preserved and that the public policy established by it should not be hampered or frittered away.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the service of the summons granted, with ten dollars costs to the appellant.

DOWLING, SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.