In the Matter of the Application of THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK and Another, as Executors, etc., of FRANCESCO MARIA FERRARI, Deceased, to Discover Certain Property of Said Decedent Claimed to Be Withheld and to Have an Inventory Made of Said Property.

Surrogate's Court, Kings County, June 28, 1929.

*Gleason, McLanahan, Merritt & Ingraham*, for the executors.

*Bernard Fliashnick*, for the respondent Angelina Ferrari.

WINGATE, S. This question arises upon the return of an order directing Mrs. Angelina Ferrari to show cause why she should not be directed to permit certain property to be inventoried, and for other relief. The verified petition upon which this order was based alleges that she is now a resident of 197 Park avenue, East Orange, N. J.

In view of this sworn statement of her residence contained in the petition presented to the court as the basis for its issuance of the order to show cause herein, the position taken by counsel for the petitioners in their memorandum, that Mrs. Ferrari is not a resident of New Jersey, is, to say the least, a bit unusual. Without further pursuing this phase of the question, the petitioners cannot be permitted to claim relief on the basis of an unsworn statement that the sworn allegations in their petition are untrue. The early decisions from Kansas, Tennessee and Connecticut, cited in their memorandum, are not persuasive of the point for which they are cited. If their alleged holding is really one respecting residence as distinguished from domicile, all that can be said of them is that they do not represent the well-established law of this State.

Affidavits have been presented on behalf of Mrs. Ferrari claiming that the order was served upon her while she was temporarily within the State of New York for the purpose of appearing as a witness before the Moreland Commission in the pending inquiry into the affairs of the City Trust Company.

Upon the return of the order to show cause, she appeared specially for the purpose of obtaining a judicial determination that such service upon her was void.

Section 25 of the Civil Rights Law provides that any person is immune from arrest while present in this State as a witness in any judicial proceeding, and from the earliest times it has been held by analogy that a non-resident coming into this State as a witness is immune from the service of any process. A few of the many cases determining this point are *Matthews* v. *Tufts* (87 N. Y. 568); *Norris* v. *Beach* (2 Johns. 294); *Person* v. *Grier* (66 N. Y. 124); *Merrill* v. *George* (23 How. Pr. 331); *Sanford* v. *Chase* (3 Cow. 381); *Seaver* v. *Robinson* (3 Duer, 622); *Graften* v. *Weeks* (7 Daly, 523); *Goldsmith* v. *Haskell* (120 App. Div. 403); *Dowling* v. *Wynne* (187 id. 881) and *Howe* v. *Van Heusen* (210 id. 796).

Whereas, in a strict and literal sense the Moreland Commission is not a judicial tribunal, it is a duly authorized official inquiry into matters deeply affecting the public interest, with powers to subpœna witnesses, etc., similar to those possessed by the usual court. (Executive Law, § 8.) Since it has been repeatedly determined that the reason for the immunity of witnesses in a private litigation is that public policy requires that those able to shed light on the questions for determination should not be deterred from attending, it follows as an *a fortiori* matter that in such hearings as those of this Commission, in which not only a large number of individuals, but the State itself, is vitally interested, the same reasons would apply to an even greater degree.

If, therefore, the statements in the affidavits presented on behalf of Mrs. Ferrari are true, the service upon her is absolutely void. Since, however, the petitioners have presented an affidavit of due service upon her, a contested issue of fact is presented, which can be determined only upon a hearing.

Proceed accordingly.