ABRAHAM SINGER, Plaintiff, *v.* MARY J. REISING, Defendant.

Municipal Court of New York, Borough of Queens, Fifth District, January 14, 1935.

*Asher Zeide*, for the plaintiff.

*William A. Earle*, for the defendant.

MORRIS, J. On this traverse the facts are conceded to be as follows: On November 28, 1934, the defendant was served in Valley Stream, Nassau county, N. Y.; after serving and filing special notice of appearance, the case was noticed for traverse on the 27th day of December, 1934; the traverse was sustained without any testimony having been taken in view of the fact that it was conceded the affidavit of service showed that the defendant was served in Valley Stream, which is without the limits of the jurisdiction of the court. As the defendant was leaving the court house at Rockaway Beach on November 28, 1934, she was served with another summons.

The defendant again filed a special notice of appearance and questions the legality of the second service on the ground that appearing in court on the 28th day of November, 1934, for the purpose of testifying as a witness on the traverse of the first summons, she is immune from service of process. The attorney for the plaintiff contends that in any event " the service of the summons should be upheld on the ground that the affidavit on its face showed that the defendant was not served within this jurisdiction, and the defendant was aware of this fact or should have been aware of this fact since the affidavit was on file."

This may be answered in part by stating " the attorney having the summons and affidavit of service in his possession knowing that the service was made in Valley Stream, should never have filed it with the clerk of the court and if the clerk of the court had it been called to his attention, he would not have accepted it." In addition the defendant had no knowledge of what testimony might be offered to substantiate the service in view of the fact that the notice of traverse had been served and the action had not been discontinued.

It is interesting to note that the handwriting in the form of the affidavit of service appears to be in three different handwritings. The blanks as filled in, giving the name of the process server, the date and place of service, appear to be in one handwriting, the signature of the process server in a second handwriting, and the signature of the notary public in a third handwriting. It is likewise interesting to note that in the space where the service is designated, the word " Stream " is not readable although unaltered since written, and the words " Borough of ———— " the word in the space after the word " of " is likewise not readable or decipherable.

In discussing the decision of Judge WERNER in *Netograph Manufacturing Co.* v. *Scrugham* (197 N. Y. 377), the attorney for the plaintiff contends that the privilege of immunity only applies to residents without the State and has no bearing on the question of a resident within the State in view of the language of the court at page 380, where the court states: " It is in furtherance of that policy and the due administration of justice that suitors and witnesses from abroad are privileged from liability."

This argument may be reduced to an absurdity and the principle enunciated in *Netograph Manufacturing Co.* v. *Scrugham* (*supra*) nullified if it were held to apply to non-residents of the State only and not also to non-residents of the jurisdiction of the court. Service under similar circumstances might be made in Albany, N. Y., and jurisdiction of the defendant thereafter acquired by bringing him to New York city to contest such service. Such a

situation would give rise to fraud and trickery practiced upon prospective defendants as a result of which a party would be enticed into the jurisdiction in order that he might be served with the summons.

There is no question but that where a non-resident witness from another jurisdiction freely comes into New York to give testimony in aid of the administration of justice he is exempt from the service of process. (*Wolfe* v. *McIntyre*, 192 N. Y. Supp. 650.) There should be no distinction between coming from another jurisdiction into New York and coming from a county outside the jurisdiction of the Municipal Court of the City of New York to a county within its jurisdiction.

In Lauer's Municipal Court Practice and Forms ([2d ed.] at p. 276) Judge Lauer states: " The question may arise as to whether the same immunity will surround a person who comes within the jurisdiction of this court, that is, within the city of New York, from other parts of the state. When we consider the reason for the rule of immunity as laid down in the case of *Netograph Mfg. Co.* v. *Scrugham*, 197 N. Y. 377; 90 N. E. 962, the rule stated would seem to be entitled to the same force and effect whether the witnesses come into the jurisdiction of the court from within or without the state. The question seemed to be open to doubt according to the opinion of the court in *Person* v. *Grier*, 66 N. Y. 124, but since the clear annunciation of the reasons underlying the principle of the rule in the *Netograph Mfg. Co. Case*, we believe the court will say that the principle should have full force and effect so far as it may affect the process of this court, whether the witnesses come from within or without the state."

Quoting from the opinion of Judge Hiscock in *Bunce* v. *Humphrey* (214 N. Y. 21, at p. 24): " We think that on the facts presented to us the defendant was clearly within the spirit of the rule which protects from service of process one who voluntarily attends in a given jurisdiction as a witness."

Motion to vacate the service of the summons granted, with ten dollars costs.