TILLIE STERN, Plaintiff, *v.* PAUL WORTH, Defendant.

City Court of New York, Special Term, Bronx County, May 16, 1938.

*Edward Perlmutter*, for the plaintiff.

*Eben C. Gould*, appearing specially, for the defendant.

DONNELLY, J. Defendant appears specially for the purpose of moving, and defendant does move, to vacate and set aside the service of summons in this action upon him, upon the ground that at the time of such service he was immune from service of process.

The summons was served upon defendant as he left the building No. 80 Centre street in New York city, in which is located the office of the Commissioner of Motor Vehicles of the State of New York. On the day in question the defendant had attended a hearing conducted by the Deputy Commissioner of Motor Vehicles pursuant to section 71 of the Vehicle and Traffic Law.

The privilege of a suitor or a witness to be exempt from service of process while without the jurisdiction of his residence has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly constituted tribunal which directly relates to the trial of the issues involved. (*Parker* v. *Marco*, 136 N. Y. 585, 589.) While it has been held that the act of the Deputy Commissioner of Motor Vehicles in suspending or revoking one's license to drive is an administrative and not a judicial act (*Tryon* v. *Willbank*, 234 App. Div. 335, citing *People ex rel. Albrecht* v. *Harnett*, 221 id. 487), I do not believe the cases just cited determine the question at bar. It is not the administrative act, as such, of the Commissioner of Motor Vehicles, with which we are concerned. Rather is it the question of whether or not the privilege of exemption from service of process should be extended to a party or a witness in attendance at a hearing not strictly judicial, before a public body conducting an inquiry or investigation of public

interest. This question has been answered in at least two cases. In *Parker* v. *Marco* (*supra*) the court cited with approval *Thorp* v. *Adams* (19 Civ. Pro. 351), where the defendant Adams, a resident of Boston, Mass., was held to be immune from service of process while temporarily in New York city for the purpose of appearing as a witness before an investigating committee of the Senate of the State of New York. In a discovery proceeding pending in the Surrogate's Court, Kings county, an order was served upon a Mrs. Angelina Ferrari, a resident of East Orange, N. J., while she was temporarily in New York city for the purpose of appearing as a witness before the Moreland Commission, appointed by the Governor of this State pursuant to the provisions of section 8 of the Executive Law of the State of New York. It was held that the service of the order was void. (*Matter of Ferrari*, 134 Misc. 728.) Neither the legislative committee nor the Moreland Commissioners were conducting a judicial investigation. The principle underlying all the decisions in the cases cited is, that so far as judicial proceedings are concerned, the privilege is not simply personal, " but it is also the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice " (*Chase National Bank* v. *Turner*, 269 N. Y. 397, 400); and it has been held that the same privilege should be extended to a witness in attendance before an official body conducting an inquiry into matters affecting the public interest. (*Matter of Ferrari, supra.*) The hearing this defendant attended involved a complaint against him by plaintiff, who alleges that she was struck and injured by an automobile owned by defendant as she was crossing the street formed by the intersection of Tremont and Hughes avenues in Bronx county, and that the accident was caused by defendant's failure to obey the traffic laws of this State. The State of New York is vitally interested in the safe operation of motors in or through its streets or roadways. The complaint before the Commissioner of Motor Vehicles is a matter of public interest. As was said in *Matter of Ferrari* (*supra*): " Whereas, in a strict and literal sense the Moreland Commission is not a judicial tribunal, it is a duly authorized official inquiry into matters deeply affecting the public interest, with powers to subpœna witnesses, etc., similar to those possessed by the usual court. (Executive Law, § 8.) Since it has been repeatedly determined that the reason for the immunity of witnesses in a private litigation is that public policy requires that those able to shed light on the questions for determination should not be deterred from attending, it follows as an *a fortiori* matter that in such hearings as those of this Commission,

in which not only a large number of individuals, but the State itself, is vitally interested, the same reasons would apply to an even greater degree." I can see no distinction, in principle, between the situation of the witness in *Matter of Ferrari* (*supra*) and that of the witness at bar, this defendant.

In the affidavit submitted in opposition to the pending motion by plaintiff's attorney, it is alleged, among other things, that he was cautioned by the Deputy Commissioner before whom the hearing was held against service of the summons upon the defendant " in the hearing room or any part of the building." Plaintiff's attorney attempts to justify the service of the summons outside of the building, by repeating statements he claims were made to him by defendant, to the effect that the latter, on the day in question, had other business in New York city than his attendance at the hearing, and that such business required daily visits to that city. These allegations are denied by defendant in his reply affidavit. From a study of all of the affidavits submitted herein, it is apparent that defendant's only business in this city on the day he was served, was for the purpose of attending the hearing in question.

Motion to vacate service of summons granted, with ten dollars costs.