NEW ENGLAND INDUSTRIES, INC., Plaintiff, *v.* CHARLES J. MARGIOTTI et al., Defendants.

Supreme Court, Special Term, New York County, September 6, 1945.

846

*Myers & Guerin* for Charles J. Margiotti, defendant.

*Albert L. Pomerantz* and *Leonard I. Schreiber* for plaintiff.

NULL, J. The defendant Margiotti, a resident of Pennsylvania, moves to set aside the service of the summons in this action on the ground that such service was made upon him while he was in this State for the sole purpose of giving his deposition before trial, pursuant to an order of this court, in another action in which he was a defendant.

Upon the undisputed record on this motion, the narrow question presented is whether the appearance of Margiotti, to be examined before trial pursuant to an order of this court, was voluntary or induced by the compulsion of law. If voluntary, he was immune from service; if by compulsion, he was not (*Netograph Manufacturing Co.* v. *Scrugham,* 197 N. Y. 377).

It is the traditional policy of the law that nonresidents, who voluntarily come into the jurisdiction in order to attend court as parties or witnesses or in some other capacity related to the necessities of pending litigation, are privileged from the service of process during the period of their sojourn for that purpose. It is a privilege which serves to expedite the administration of justice by encouraging the voluntary attendance in court of persons who, ordinarily, would be beyond the reach of the subpœna or other process of the court (*Person* v. *Grier,* 66 N. Y.

124; *Parker* v. *Marco,* 136 N. Y. 585; *Powelson* v. *Proctor & Gamble Co.,* 200 App. Div. 447).

That Margiotti attended court to be examined before trial pursuant to an order, as distinguished from a notice or stipulation, is not decisive of the question whether his appearance was voluntary or not. The aspect of force is implicit in every court order. Whether or not, however, an order of the court is truly coercive depends, among other things, on its terms, its purpose, and particularly, the penalty which may result from the failure to comply with its provisions. Not having been served with the order directing the deposition, Margiotti was not subject to punishment for contempt of court. For a failure to appear, he could not have been imprisoned or fined (*Likay* v. *Gottesman,* 235 App. Div. 858; *Rapaport* v. *Dubrow,* 245 App. Div. 735). It is, of course, not unlikely that had Margiotti failed to appear for his examination, his answer might have been stricken and, conceivably, judgment could have been entered against him in that action. Undoubtedly, this was a consequence which Margiotti desired to avoid when he came into this State to have his testimony taken. In doing so, however, he was moved by the normal instinct to protect his position in the pending litigation rather than by the coercive processes of the law.

Tested by the criteria of compulsion enunciated in *Netograph Manufacturing Co.* v. *Scrugham* (*supra,* p. 380) and restated in *Bunce* v. *Humphrey* (214 N. Y. 21, 23) it cannot be contended that in the circumstances presented, Margiotti was " brought into the jurisdiction of a court while under arrest or other compulsion of law." He did not enter the State under criminal charges or by virtue of civil process for the disobedience of which he would be liable to fine or imprisonment. On the contrary, for the same reason that he might attend at the trial of the pending action, he came to protect himself against the possible entry of judgment against him. He did not, however, come into the State to save himself from any penalty with which he could be threatened. If there was compulsion, it was the compulsion of expediency and not of law. Accordingly, his attendance in this court to give testimony was voluntary.

The motion to set aside the service of the summons is granted. Submit order.