William G. Easton, J.
This is a motion by the defendant for a judgment dismissing the complaint upon the ground that this court does not have jurisdiction of the person of the defendant.
The plaintiff is a Massachusetts corporation, having recently moved its principal place of business to Rochester, New York. The defendant is a resident of Massachusetts, and was served with the summons while he was in Rochester as a witness in arbitration proceedings which he was voluntarily attending. The arbitration concerned various matters in dispute between the plaintiff and two other Massachusetts corporations of which the defendant was an officer. The sole question at issue is whether the nonresident defendant was immune from service of process while voluntarily attending an arbitration proceeding in this State.
Case law has established that a nonresident, voluntarily present in this State, is immune from service of process when here for the sole purpose of attending (1) as a witness in court (Howe v. Van Heusen, 210 App. Div. 796 [1924]); (2) an argument of his appeal (Chase Nat. Bank v. Turner, 269 N. Y. 397 [1936]); (3) to receive sentence in a criminal case (Thermoid Co. v. Fabel, 4 N Y 2d 494 [1958]); (4) to attend an examination before trial (New England Inds. v. Margiotti, 270 App. Div. 488, affd. 296 N. Y. 722 [1946]); (5) to attend a motor vehicle hearing (Stern v. Worth, 167 Misc. 605 [1938]); (6) as a witness before the Attorney-General upon a legally authorized hearing (People v. Claggett & Co., 231 App. Div. 866 [1930]); (7) to attend a bankruptcy hearing (Goldsmith v. Haskell, 120 App. Div. 403 [1907]); (8) as a witness in an investigation proceeding before a State Senate Committee (Thorp v. Adams, 58 Hun 603, opinion in 11 N. Y. S. 479); or (9) upon attending his arraignment upon a criminal indictment and within three days thereafter for conferences with his attorney (Robinson v. Stichman, 18 A D 2d 449 [1963]).
No case has been presented nor-is the court able to find any decision applying immunity from service specifically to a' non *939 resident attending an arbitration proceeding. However, the use of arbitration has come a long way to its present-day use as one of the principal methods in settling or determining judicial disputes. It has been referred to as “ quasi-judicial ” in nature (Simons v. New Syndicate, 152 N. Y. S. 2d 236 [1956]). Both the old Civil Practice Act (§ 84) and the new CPLR (75) contained procedural regulations for it. By section 1459 of the Civil Practice Act it was specifically referred to as a “ Special proceeding ” and section 10 of the Civil Practice Act defines the word “ action ” as including a special proceeding therein. Under the old Civil Practice Act, sections 10 and 48 were construed to include a special proceeding such as arbitration in applying thereto the Statute of Limitations. (Reconstruction Finance Corp. v. Harrisons & Crosfield, 204 F. 2d 366 [1953].)
CPLR 7501 provides as follows: “ Effect of arbitration agreement. A written agreement to submit any controversy thereafter arising or any existing controversy to arbitration is enforceable without regard to the justiciable character of the controversy and confers jurisdiction on the courts of the state to enforce it and to enter judgment on an award. In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute. (As amd. by L. 1963, ch. 532, § 47.) While it is true that the above section and the following CPLR 7502 (subd. [a]) omit the reference to arbitration as a “ Special proceeding” (which was formerly provided in -section 1459 of the Civil Practice Act), yet, CPLR 3102 (subd. [c]) specifically provides for the remedy of disclosure in an arbitration proceeding and CPLR 7502 (subd. [b]) specifically applies the Statute of Limitations to an arbitration proceeding as if it (limitation of time) had been asserted in a court of the State. Examinations before trial have also been made available in arbitration proceedings so that arbitration proceedings as such even though not specifically labeled a -special proceeding by the CPLR are still cloaked with provisional legal remedies.
It seems to this court that the judicial arguments which were applied to the granting of immunity to nonresidents in the cases above cited apply equally as well, if not more so, to arbitration proceedings which are contractually binding and have judicial sanction and may require judicial aid or confirmation.- In Matter of Ferrari (134 Misc. 728 [1929]) a nonresident was served with process in New York State while appearing as a witness before the Moreland Commission appointed by the *940 Governor of this State pursuant to the provision of then section 8 of the Executive Law. It was held that the service of the process was void. The Moreland Commissioners were not-conducting a judicial investigation but the court said (p. 729): ‘ ‘ "Whereas, in a strict and literal sense the Moreland Commission is not a judicial tribunal, it is a duly authorized official inquiry into matters deeply affecting the public interest, with powers to subpoena witnesses, etc., similar to those possessed by the usual court.”
Arbitrators have the power of subpoena and are enabled to take testimony under oath. The reasons for providing immunity to nonresidents in attending judicial proceedings of any nature in this State are to encourage and promote voluntary attendance to aid and facilitate the settling of legal disputes. This same reasoning applies to arbitration proceedings which are now commonly used in many fields of legal endeavor. This court can see no distinction in principle between the situation of the defendant in the case at bar attending as a witness in an arbitration proceeding and any of the other situations revealed in the cases hereinabove cited. The motion to dismiss the complaint is granted, with costs.