Frank D. O’Connor, J.
This is a motion for an order dismissing the complaint pursuant to CPLB 3211 (subd. [a], par. 8) on the ground that the court does not have jurisdiction of the defendant. The moving papers aver that the service of the summons in this action was fatally defective because the summons and complaint were served upon the defendant’s attorney while the defendant and his said attorney were attending an examination before trial, in other litigation, in the office of plaintiff’s attorney, pursuant to a subpoena. The opposing papers assert that service was, in fact, made upon the defendant personally.
Three issues are thereby presented for consideration. First, was the defendant immune from process while in attendance at a lawyer’s office for the purpose of a judicial proceeding, if such office was an extension of the courthouse for such purpose and when such attendance was pursuant to a subpoena? •Second, was the requirement of the CPLB 308, that a summons be delivered to the person to be served, satisfied when the service was made upon the attorney of that person in a place where *985 and at a time when such person to be served was present? Third, is it necessary to set this matter down for a hearing to ascertain whether the service was made upon the defendant personally, as contended by the plaintiff?
I
There is a rule, having ancient origins and widespread in its acceptance in this and other jurisdictions, that a suitor in attendance in a court outside the territorial jurisdiction of his residence is immune from service of civil process while attending court and for a reasonable time before and after such attendance, if such attendance is voluntary. The rationale for this hoary rule is “to encourage voluntary attendance upon courts and to expedite the administration of justice ”. (Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377, 380; also see Thermoid Co. v. Fabel, 4 N Y 2d 494; First Nat. Bank v. Turner, 269 N. Y. 397; Person v. Grier, 66 N. Y. 124; Year Book 13 Henry IV, I. B. Viner’s Abr. “Privilege”.) The authorities are in complete accord that the attendance in court must be voluntary and that the immunity is dissipated if the suitor be present by way of compulsion. (Bunce v. Humphrey, 214 N. Y. 21; 116 E. 57th St. v. Cachules, 106 N. Y. S. 2d 586.) In the case at bar, the defendant is (a) not a nonresident of the State but, in fact, resides within the jurisdiction of the court whose process he now seeks to evade, and (b) his presence in plaintiff’s attorney’s office was not voluntary, but was in response to a subpoena for an examination before trial. The defendant, therefore, enjoyed no immunity from proper service of legal process (Netograph Mfg. Co. v. Scrugham, supra; Bunce v. Humphrey, supra.)
II
The second issue here presented is one of first impression. Was due and proper service effected by delivery of the summons to the defendant’s attorney in the defendant’s immediate presence?
In his affidavit verified May 14, 1970, the defendant states in part: “ I was not personally served in this action, the papers were handed to my attorney, Mr. Ortiz, when we appeared for an examination before trial * * * and at no time were the papers handed to me or touched the body of my person.” Defendant’s attorney’s affidavit states in part: “ That on April 13,1970 I together with Michael C. Ortiz appeared at the offices of * * * attorneys * * * in response to a sub *986 poena to examine the defendant Michael C. Ortiz * * * That upon the conclusion of said examination, Henry Salomon, representing plaintiff handed me a summons and complaint in a new action ”. Assuming, therefore, that version of the facts most favorable to the movant, it appears that the summons and complaint was delivered to the defendant’s attorney in the defendant’s presence. Perusal of both the moving and opposing papers herein indicates that the defendant was then fully apprised of the nature and character of the papers delivered to his attorney.
. Plaintiff has submitted a memorandum of law citing three cases in support of his contention that the service was proper, even if the defendant’s assertions were true. However, the underlying reasoning in the cases cited is not pertinent to the facts presented in the case at bar. The cases cited by plaintiff concern a particular set of circumstances, i.e., where the defendant is obviously seeking to avoid process and conceals himself, or otherwise so conducts himself as to make difficult, if not impossible, the delivery of the summons to him. Thus, in Levine v. National Transp. Co. (204 Misc. 202) it appeared that the process server left the summons in the frame of the door of the automobile in which the defendant had locked himself. The service, under those circumstances, was sustained. In Chernick v. Rodriguez (2 Misc 2d 891), the defendant identified himself to the process server as he stood within his apartment, but he refused to open the door to permit personal delivery of a summons to him. The summons was left on the threshold. Such service was sustained. In Buscher v. Ehrich (12 A D 2d 887), the Appellate Division sustained the service where the summons was left with the defendant’s husband at her residence. The defendant was then within the house, but refused to come to the door and her husband denied his permission to the process server to enter the premises. The court stated: “It is contended by the respondent that because the paper was not physically handed to Mrs. Ehrich that there was no service. We do not agree. Service cannot be evaded by such an avoidance and by subsequent reliance upon technicalities.” These cases are not pertinent to the second issue in this case because we are not here concerned with evasion and no such allegation is made.
Under the common law, it was the rule that defendant must be served personally and, if this was not done, the court acquired no jurisdiction. (Hollingsworth v. Barbour, 4 Pet. [29 U. S.] 466, 472.) Today all service of process is regulated by statute (CPLE art. 3).
*987 CP'LR 308 states, in part, ‘ ‘ Personal service upon a natural person. Personal service upon a natural person shall he made: 1 by delivering the summons within the state to the person to be served ’ ’. The courts have ever guarded the legality of its judgments, which might otherwise be jeopardized, by mandating that service of process be in conformity with applicable statutes. (Marcy v. Woodin, 18 A D 2d 944.) For example: Where a process server dropped the summons on the floor, when defendant was not at home, and it was picked up and handed to the defendant by his mother-in-law, service was held to be defective. (Mecca v. Young, 133 Misc. 540.) In like vein, service was nullified where the summons was left with a business associate of the defendant in a reception room of the defendant’s place of business, the defendant being then absent. (Cottakis v. Pezas, 12 Misc 2d 214.) In an action against a physician, service was held to be a nullity where the summons was left with the defendant’s secretary. (Piedmont v. Society of N. Y. Hosp., 25 Misc 2d 41.)
In McDonald v. Ames Supply Co. (22 N Y 2d 111), service was held to be improper where the summons was left with the receptionist of a building which listed the defendant corporation as a tenant. The receptionist, not employed by the corporate defendant, delivered the summons to a person said to be a corporate representative. The court said (p. 116) that to “ sustain such service would encourage carelessness, or worse, thus increasing the risk of default by parties who in fact fail to receive the summons ”, The Court of Appeals distinguished such service from cases of resistance to service and where redelivery by the person wrongfully served was so close, both in time and in space, as to be considered part of the same act. “In all of these cases” said the court (pp. 115-116), “the process server has acted reasonably and diligently in attempting to fulfill the statutory mandate and under circumstances bringing the question of process within the purview of the person to be served.” (See Belofatto v. Marsen Realty Corp., 62 Misc 2d 922.)
The ‘ ‘ ‘ trend away from the formalism of earlier generations which refused to countenance a mistake in service ’ ” was discussed by the United States District Court, Southern District, New York, in Lumbermens Mut. Cas. Co. v. Borden Co. (268 F. Supp. 303, 310). Referring to Marcy v. Woodin (18 A D 2d 944 supra); Erale v. Edwards, (47 Misc 2d 213) and Green v. Morningside Hghts. Housing Corp. (13 Misc 2d 124, affd. 7 A D 2d 708), Judge Tenney said, “ Although service in these cases did not comply with the literal terms of the appli *988 cable statute, each service did accomplish its intended purpose — giving fair and adequate notice to the defendant of the commencement of an action against him. These decisions emphasize ‘ good sense and common business practice ’ and 1 are correct in stressing effective and fair notice as the proper criteria.’ 1 Weinstein-Korn-Miller, New York Civil Practice. IT 311.06, at 3-114 (1965).”
The determination of the propriety of service upon the defendant’s attorney in defendant’s presence is dependent upon the purposes of process. Surely, the purpose of process is the procedural means by which the court acquires jurisdiction, but its prime objective is to give notice to the defendant of a claim being made against him so as to afford him sufficient opportunity to defend himself against such claim. This principle was well expressed a long time ago in Hiller v. Burlington & Missouri Riv. R. R. Co. (70 N. Y. 223, 227): “ The object of all service of process is said to be to give notice to the party on whom service is made, that he may be aware of and may resist what is sought of him, and it is a general rule that any service must be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of what is going on against him, and have an opportunity to defend.”
The facts before us fully meet this test and conform with the present trend. Defendant was actually present and engaged with his attorney when a summons initiating another proceeding was allegedly served upon his attorney. The colloquy, which defendant’s attorney avers promptly followed, apprised the defendant of such service in such additional action. Defendant’s opportunity to defend against it was made certain by the delivery of the summons and complaint to his attorney, who appeared for him in the then pending action and who appears for him on this motion.
Literal compliance with CPLR 308 would have been the delivery of the summons to the defendant directly. However, under the circumstances presented by the papers on this motion, I find that service upon the defendant’s attorney in the presence of the defendant constituted valid and sufficient service on defendant.
Ill
The necessity for a hearing to ascertain whether delivery of the summons was actually made upon the defendant personally is, therefore, not necessary.
*989 Defendant may interpose an answer or otherwise move with respect to the complaint herein within 10 days after service upon his attorney of a copy of the order to be entered hereon. The motion is in all other respects denied.