E. Lionel PAVLO, Plaintiff,

v.

Clark F. JAMES, Jr., Defendant.

No. 77 Civ. 2989 (GLG).

United States District Court,
S. D. New York.

Sept. 29, 1977.

As Amended Oct. 19, 1977.

Easton & Echtman, P.C., New York City, for plaintiff; Irwin M. Echtman, New York City, of counsel.

Mendes & Mount, New York City, for defendant; Daniel E. Costigan, New York City, of counsel.

## OPINION

GOETTEL, District Judge.

■ Plaintiff commenced this action in New York State Supreme Court, claiming that the defendant, a former employee, had breached his fiduciary duties by promoting the business of other corporations at the expense of plaintiff's business. Plaintiff is a New York resident, and defendant is a resident of Kentucky. Defendant removed the case to this Court under 28 U.S.C. § 1441 (1970) and moved to dismiss the claim under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. The Court must measure the adequacy of service of process and jurisdiction under New York law. *Venner v. Michigan Cent. R.R.,* 271 U.S. 127, 46 S.Ct. 444, 70 L.Ed. 868 (1926).

On June 2, 1977, the defendant was personally served with a summons in New York City. Under normal circumstances, of course, such personal service within the state would support *in personam* jurisdiction over the defendant under N.Y. CPLR § 308(1) (McKinney's 1972). Defendant ar-gues, however, that on June 2nd, he was in New York attending an arbitration proceeding as a party witness. The arbitration was the result of an earlier action between plaintiff and defendant, and had been commenced pursuant to an order of Judge Conner of this Court, enforcing an arbitration clause in the contract from which the dispute arose. As a result, defendant contends that he was immune from service of process on that date. Plaintiff disputes the assertion of immunity and further argues that, even if defendant was immune from service, he was nonetheless amenable to service under the New York long-arm statute, N.Y. CPLR § 302(a) and, consequently, service was effective.

### *Immunity from Service of Process*

■ New York case law has clearly established the rule that a party or witness in voluntary attendance in a court outside of the territorial jurisdiction of his residence is immune from service of civil process while attending court and for a reasonable time before and after his appearance. *See Netograph Mfg. Co. v. Scrugham,* 197 N.Y. 377, 90 N.E. 962 (1910); McLaughlin, *Practice Commentaries to the N.Y. CPLR* § C308:6 (McKinney's 1972). One New York case has extended the immunity rule to apply to arbitration proceedings, and the plaintiff does not dispute that general conclusion. *Treadway Inns Corp. v. Chase,* 47 Misc.2d 937, 263 N.Y.S.2d 551 (Sup.Ct.1965); *see McLaughlin, supra.* Rather, plaintiff contends that, because the arbitration had been ordered by Judge Conner, the defendant was not in New York voluntarily and hence is not protected by the immunity doctrine.

It is clear that the immunity rule, designed as it is to enhance the administration of judicial operations by fostering voluntary appearances of parties and witnesses, is not furthered when the defendant has been compelled to come into the state to serve as a party or witness in the first proceeding. *Bunce v. Humphrey,* 214 N.Y. 21, 108 N.E. 95 (1915). The New York courts have held, however, that for purposes of immunity a defendant's presence in the state is involun-

tary only when his absence would have subjected him either to fine or imprisonment. *Barbella v. Yale,* 4 Misc.2d 825, 152 N.Y.S.2d 695 (Sup.Ct.1956); *see McLaughlin, supra. See also New England Indus. v. Margiotti,* 185 Misc. 845, 60 N.Y.S.2d 53 (Sup.Ct.1945), *aff'd,* 270 App.Div. 488, 60 N.Y.S.2d 430 (1st Dep't), *aff'd,* 296 N.Y. 722, 70 N.E.2d 540 (1946).

In this case, even though the arbitration proceeding which defendant attended on June 2nd was ordered by Judge Conner, the order did not compel defendant to appear personally in that proceeding. The order to arbitrate was merely one directing the submission of the dispute to the arbitrators, and defendant's appearance was not essential to the proceedings. Further, defendant would have incurred no sanction of fine or imprisonment had he not personally appeared, so long as his counsel appeared in order to proceed with the arbitration. Because defendant's appearance was not compelled or involuntary, the Court finds that he was immune from service of process when he was served on June 2nd.[1] *Treadway Inns Corp., supra.*

#### New York Long-Arm Jurisdiction

Plaintiff further argues that even if defendant's appearance at the arbitration proceeding does render him immune from service of process, service was nonetheless effective because defendant was subject to the long-arm jurisdiction of N.Y. CPLR

1. Plaintiff cites *Davidman v. Ortiz,* 63 Misc.2d 984, 314 N.Y.S.2d 198 (Sup.Ct.1970), and argues that in that case a defendant served while attending a deposition under subpoena was found not to be immune, even though no sanction would immediately attach for his failure to appear. Plaintiff apparently failed to read the entire opinion, however, as the holding was based on the fact that the defendant was a resident of New York at the time he was served with process and, therefore, could claim no immunity in the first instance.

2. Section 302(a) provides in part:
   "*Acts which are the basis of jurisdiction.* As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

§ 302(a) (McKinney's 1972). It is clear that the reason for the immunity—encouraging voluntary appearances—disappears if a defendant is otherwise subject to the extra-territorial reach of Section 302(a). Accordingly, New York courts hold that service made on such a defendant is effective to establish *in personam* jurisdiction. *Merigone v. Seaboard Capital Corp.,* 85 Misc.2d 965, 381 N.Y.S.2d 749 (Sup.Ct.1976); *see McLaughlin, supra. See also Gardner v. United States,* 246 F.Supp. 1014 (S.D.N.Y. 1965). Therefore, the ultimate question is whether defendant James comes within the scope of Section 302(a).[2]

Section 302(a)(1) permits the exercise of jurisdiction over a defendant who "transacts" any business within the state, if those acts or transactions give rise to the claim asserted. Alternatively, Section 302(a)(2) provides jurisdiction over a defendant who commits a tortious act within the state, and Section 302(a)(3) provides similarly for a defendant who commits a tortious act outside of New York which causes injury to persons or property within the state, providing certain conditions are met. In a shotgun-like approach, plaintiff asserts jurisdiction under all three sections.

Initially, it is clear that the burden of showing the "evidentiary facts" underlying the claim of jurisdiction is on the plaintiff. *Security Nat'l Bank v. Ubex Corp.,* 404 F.Supp. 471, 475 n.9 (S.D.N.Y.1975);

1. transacts any business within the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
   i. regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   ii. expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; . . . ."

*Lamarr v. Klein,* 35 A.D.2d 248, 250, 315 N.Y.S.2d 695, 697 (1st Dep't 1970), *aff'd mem.,* 30 N.Y.2d 757, 333 N.Y.S.2d 421, 284 N.E.2d 576 (1972). Plaintiff's complaint alleges that prior to December, 1973, defendant was employed by plaintiff and was "in charge of plaintiff's business in the states of Kentucky and Indiana." During his period of employment, defendant allegedly breached various fiduciary duties owed to plaintiff by "secretly creating corporations to compete with the plaintiff". As a result, plaintiff claims that defendant wrongfully received paychecks from plaintiff, and further, that plaintiff's business suffered loss of business and profits. The complaint alleges no other specific acts or transactions from which the claim arises.

Supplementing his complaint, plaintiff filed an affidavit stating that defendant was in charge of plaintiff's Kentucky "branch office", that defendant had frequent telephone conversations and exchanged correspondence with plaintiff in New York, and that defendant "came to New York on business connected with his employment." Plaintiff makes no further averments of specific transactions occurring in New York, nor does he elaborate on the purposes or circumstances of any of defendant's alleged visits here.

Defendant, in his supporting affidavit, states that he agreed to work for the plaintiff after an interview in Kentucky (with the agreement entered into in that state), that defendant did no work on any New York projects for plaintiff, and that whatever trips he made to New York during that period were unrelated to any of the claims now asserted by the plaintiff.

■ Based on these facts, the plaintiff has not met his burden of establishing a basis for jurisdiction under Section 302(a)(1). Plaintiff makes no assertions of specific transactions occurring in New York in which defendant participated, or how such transactions, if they existed, would relate to his instant claim for damages. Such a showing of acts occurring in New York and giving rise to the claim is necessary under Section 302(a)(1). *Fontanetta v.*

*American Bd. of Internal Medicine,* 421 F.2d 355 (2d Cir. 1970); *see McShan v. Omega Louis Brandt et Frere, S.A.,* 536 F.2d 516 (2d Cir. 1976). The bare conclusory allegation of use of the mails and telephones to communicate with a plaintiff in New York, especially when no link is alleged between the communications and the cause of action, is not sufficient. *See Stanat Mfg. Co. v. Imperial Metal Finishing Co.,* 325 F.Supp. 794 (E.D.N.Y.1971); *Perlman v. Martin,* 70 Misc.2d 169, 332 N.Y.S.2d 360 (Sup.Ct.1972).

■ Plaintiff's arguments under Sections 302(a)(2) and 302(a)(3) are equally unconvincing. Under 302(a)(2), plaintiff must allege tortious conduct occurring in New York which gives rise to his cause of action. As set out above, plaintiff does not allege any specific acts of defendant occurring in the state, and for that reason, jurisdiction under 302(a)(2) cannot be sustained.

■ Finally, plaintiff's reliance on Section 302(a)(3) is also unsubstantiated. He alleges that the fraud committed by defendant injured his business and profits, and as such, should be characterized as tortious conduct outside of New York which injured "person[s] or property" within the state. It is clear, however, that such an allegation of domestic injury is insufficient to satisfy 302(a)(3). In *Lehigh Valley Indus., Inc. v. Birenbaum,* 527 F.2d 87, 94 (2d Cir. 1975), the court reaffirmed an earlier holding that a simple allegation of loss of business or profits, "which occur in New York only because plaintiff is domiciled or doing business here," does not satisfy Section 302(a)(3). In *American Eutectic Welding Alloy Sales Co. v. Dytron Alloys Corp.,* 439 F.2d 428, 433 (2d Cir. 1971), the court referred to the sound opinion of Judge Weinstein in *Spectacular Promotions, Inc. v. Radio Station WING,* 272 F.Supp. 734, 737 (E.D.N.Y.1967), in which that court analyzed the situs of such commercial injury:

"In determining the situs of an injury resulting from an act of unfair competition for jurisdictional purposes . . . there are three possibilities worth con-

sidering: (1) any place where plaintiff does business; (2) the principal place of business of the plaintiff; and (3) the place where plaintiff lost business. For the purposes of a jurisdictional statute such as New York's, the first can be rejected almost out of hand; the second has slight merit; and the third seems most apt."

In the instant case, plaintiff alleges that the commercial injury he suffered was the direct loss of business in Kentucky and Indiana, due to defendant's unfair and secret competition there. The fact that lost business there may have remotely affected plaintiff's overall business cannot be sufficient to establish the necessary injury in New York to sustain the exercise of jurisdiction here.[3]

In sum, plaintiff has not successfully carried the burden of showing the necessary contacts of defendant with New York. This Court will not exercise jurisdiction under the New York long-arm statute upon mere conclusory and indiscriminating allegations of New York transactions by a defendant, especially in light of the new caution currently being portrayed in measuring the constitutionality of assertions of extra-territorial jurisdiction in general. *See Shaffer v. Heitner*, —— U.S. ——, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

Therefore, it is hereby ordered and decreed that this action is dismissed for lack of jurisdiction over the defendant.

SO ORDERED.

---

**3.** Because the Court finds that plaintiff has not alleged sufficient injury to pass the threshold test of Section 302(a)(3), there is no need to determine whether defendant satisfies the further requirements of 302(a)(3)(i) or 302(a)(3)(ii).