578 So.2d 867 (1991)
Howard S. LEE, Appellant,
v.
STEVENS OF FLORIDA, INC., Appellee.
No. 89-03042.
District Court of Appeal of Florida, Second District.
May 3, 1991.
John J. Agliano and Jennifer A. Phelan of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellant.
No appearance for appellee.
PER CURIAM.
Mr. Lee, a Canadian resident, appeals from a nonfinal order denying his motion to quash service of process. We reverse because the nonresident witness immunity rule applies to Mr. Lee.
Mr. Lee voluntarily appeared at an arbitration proceeding to testify as a representative of one of the parties. Stevens of Florida, Inc. (Stevens), as general contractor, had demanded arbitration before the American Arbitration Association pursuant *868 to a provision in a construction contract between Stevens and The Lido Group (Lido), the developer. Mr. Lee was not a party to the proceedings, which involved disputes arising from the construction of a condominium project in which he owned a unit.
As Mr. Lee was leaving the arbitration proceeding, he was served with process in a lawsuit pending in Pinellas County. Stevens had sued Mr. Lee, Lido, and the general partner of Lido for collection on a promissory note. Stevens amended the complaint to sue only Mr. Lee for breach of a contract between Stevens and Mr. Lee for improvements to his condominium unit. After Mr. Lee was served, he filed a motion to quash and set aside service of process. The trial court denied the motion, and this appeal ensued.
The nonresident witness immunity rule permits nonresidents to enter the state and voluntarily testify in judicial proceedings with immunity from service of process for a reasonable time before and after testifying. Stokes v. Bell, 441 So.2d 146 (Fla. 1983). An exception exists where the two actions possess identity of parties and identity of subject matter and issues. Stokes; Francini v. International Marble Trades, Inc., 546 So.2d 777 (Fla. 3d DCA 1989).
The two proceedings do not share identity of parties. Mr. Lee is not a party to the arbitration, and Lido is no longer a party to the lawsuit. The two proceedings do not possess identity of subject matter or issues. The arbitration involves a dispute pursuant to the contract for construction of the entire condominium project. The lawsuit involves a dispute between Stevens and Mr. Lee, individually, over a contract for improvements to Mr. Lee's condominium unit.
We recognize that in Florida no decision has extended the nonresident witness immunity rule to arbitration proceedings.[1] Courts favor arbitration of disputes to expedite and reduce litigation. Midwest Mutual Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973). The legislature through the Florida Arbitration Code appears to encourage arbitration of disputes. See §§ 682.01-682.22, Fla. Stat. (1989); Lake Plumbing, Inc. v. Seabreeze Construction Corp., 493 So.2d 1100 (Fla. 2d DCA 1986). Where the parties agree to resolve their disputes before arbitrators and to be bound by the arbitrators' decision as a substitute for the judgment of a court, the arbitration proceeding serves the same function as a judicial proceeding. Thus, the same policy reasons of encouraging the voluntary attendance of witnesses to facilitate resolution of dispute exist in arbitration as they do in court. We see no reason to distinguish an arbitration proceeding such as the one in this case from a judicial proceeding for purposes of applying the nonresident witness immunity rule. In applying the immunity rule to Mr. Lee, we do not suggest that he is not subject to Florida's long-arm jurisdiction. See § 48.193(1)(c), Fla. Stat. (1989).
Reversed.
RYDER, A.C.J., and LEHAN and ALTENBERND, JJ., concur.
NOTES
[1] New York has extended the rule to arbitration proceedings. Pavlo v. James, 437 F. Supp. 125 (S.D.N.Y. 1977); Treadway Inns Corp. v. Chase, 47 Misc.2d 937, 263 N.Y.S.2d 551 (N.Y. Sup. Ct. 1965).