## ROBERT E. LETHERBY v. ALVIN SHAVER.

*Justices of the peace—Service of summons—Party attending court.*

Service of summons from justice's court, made upon a party to a
    suit while attending as a witness upon the trial in a county
    other than that in which he resides, is irregular, and a judg-
    ment rendered therein, in the absence of a voluntary appear-
    ance by the defendant, will be set aside on *certiorari* in the
    Supreme Court. *Mitchell v. Circuit Judge,* 53 Mich. 541.

*Certiorari* to a justice of the peace. Argued January
23, 1889. Judgment reversed and case dismissed January
25, 1889. The facts are stated in the opinion.

*Auten & Moss,* for defendant, and petitioner in *cer-
tiorari.*

SHERWOOD, C. J. The petitioner is a resident of St.
Johns, in the county of Clinton. He had a suit pending
in the circuit court for the county of Montcalm, in which
he was plaintiff, and said suit was tried on September
11, 1888. It appears from the record that Shaver was
obliged to go to Stanton, the county seat, on September
10, to attend said court for the trial of his suit, as a
party and witness therein, and for no other purpose, and
that he was detained at the court on said business until
September 12, and no other; that said cause was tried on
September 11 as aforesaid; that on said day, while he
was in attendance upon the court, the summons in this
cause was issued by a justice of the peace, and that no
other summons or other process was served upon him.

It further appears that at the time the summons
was returnable the defendant appeared specially and by
his attorney, and moved the court to set aside the ser-

vice and dismiss the case, for the reason that the defendant was a non-resident of the county of Montcalm, and was at the time the summons was served upon him attending the trial of the cause in the circuit as a party and witness therein, and he filed an affidavit setting forth the foregoing facts, which the record shows were undisputed.

The justice, after taking time to consider of the matter, overruled the motion; and, the defendant not thereafter appearing, the justice proceeded with the case, and rendered judgment for the plaintiff. The justice held the affidavit insufficient upon which to base the relief sought by the defendant.

The justice erred in his ruling. The motion of the defendant to set aside the service and dismiss the suit should have been granted. See *Mitchell v. Circuit Judge*, 53 Mich. 541 (19 N. W. Rep. 176), and cases therein cited.

And the judgment he rendered must now be reversed, and the case dismissed, with costs.

MORSE, CAMPBELL, and LONG, JJ., concurred. CHAMPLIN, J., did not sit.