ROBERTS v. THOMPSON.

(Supreme Court, Appellate Division, Fourth Department.  March 20, 1912.)

PROCESS (§ 118*)—SUMMONS—PRIVILEGE OF NONRESIDENT.

> Service of summons upon a nonresident while attending court as a material witness in his own suit, and before he had any opportunity to leave the state, was invalid where the party bringing the second suit was the defendant in the nonresident's suit, and did not make it appear that such service was necessary to the full protection of his rights.

> [Ed. Note.—For other cases, see Process, Cent. Dig. § 146; Dec. Dig. § 118.*]

Appeal from Special Term, Steuben County.

Action by Harvey E. Roberts against Dwight Thompson.  From an order setting aside service of summons upon defendant, plaintiff appeals.  Affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Milo M. Acker (Acton M. Hill, of counsel), for appellant.
Harry L. Allen, for respondent.

FOOTE, J.   Defendant is a resident of the state of Pennsylvania, being a wholesale dealer in lumber at the city of Pittsburgh.   He was served with the summons in this action at the city of Corning while attending the trial of an action at the Trial Term of this court in that city, in which he was plaintiff and the plaintiff here was defendant, and within an hour after the trial of that action had been completed, and before he had any opportunity to leave this state for his home. He was a necessary and material witness upon that trial.

The question is whether our courts should take jurisdiction of an action brought under such circumstances.   Appellant does not question the rule, which is well settled in this state, that a witness or a party defendant coming into this state voluntarily to attend a trial is privileged and to be protected from the service of civil process until the conclusion of the trial which he comes to attend and a sufficient time thereafter to enable him to return to his home.   It is claimed that this rule does not apply where the nonresident is a party plaintiff, and himself begins litigation in this state in his own interest.   The argument is that such a rule in favor of a nonresident plaintiff might, in some exceptional case, give the nonresident an undue advantage over our own citizens, where the citizen against whom the suit is brought has some claim against the nonresident plaintiff which cannot be availed of as a defense or counterclaim.

We are not prepared to say that in such a case our courts would not take jurisdiction of a nonresident plaintiff, if, when the question arises, it is made to appear that it is necessary for the full protection of our citizen against whom the nonresident has brought his action here, but this is not such a case.   We think the general rule is otherwise, and, if circumstances made this case an exception to the general rule, it was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

incumbent upon plaintiff to present the facts at the Special Term to show the grounds therefor.

No authorities are cited to support plaintiff's claim that a nonresident plaintiff has not the same protection in coming into our state to attend the trial of his own case as is accorded to witnesses in general and nonresident defendants. We find, however, that the question has been passed upon in favor of plaintiff's contention in the following cases: Bishop v. Fose, 27 Conn. 1; Baisley v. Baisley, 113 Mo. 544, 21 S. W. 29, 35 Am. St. Rep. 726; Iron Dyke Copper Mining Co. v. Iron Dyke R. R. Co. (C. C.) 132 Fed. 208; Mullen v. Sanborn, 79 Md. 364, 29 Atl. 522, 25 L. R. A. 721, 47 Am. St. Rep. 421. And adversely to the plaintiff in these cases: Tribune Ass'n v. Sleeman, 12 N. Y. Civ. Proc. R. 20; Minnich v. Packard, 42 Ind. App. 371, 85 N. E. 787; In re Healey, 53 Vt. 694, 38 Am. Rep. 713; Gregg v. Sumner, 21 Ill. App. 110; Letherby v. Shaver, 73 Mich. 500, 41 N. W. 677; Morrow v. Dudley (D. C.) 144 Fed. 441; Peet v. Fowler (C. C.) 170 Fed. 618. We think, however, the question has been decided adversely to plaintiff in principle in the case of Matthews v. Tufts, 87 N. Y. 568. In that case the nonresident who was served with process here came to attend a meeting of the creditors of a bankrupt "solely as a creditor and a witness to prove certain debts and claims against the estate of the bankrupt, to participate in the choice of assignee, and for no other purpose." Judge Rapallo, writing for a unanimous court, said:

"In Vanlieuw v. Johnson, decided March, 1871, and referred to in Person v. Grier, 66 N. Y. 124 [23 Am. Rep. 35], a majority of this court were of opinion that a summons could not be served upon a defendant, a nonresident of the state, while attending a court in this state as a party. This immunity does not depend upon statutory provisions, but is deemed necessary for the due administration of justice. It is not confined to witnesses, but extends to parties as well, and is abundantly sustained by authority."

In that case a creditor came voluntarily into this state for the purpose of establishing his claim in bankruptcy and participating in the proceeding. It does not appear that he himself instituted the bankruptcy proceeding, but his appearance was not for the benefit of any party to the proceeding other than himself, nor was it necessary that the bankruptcy court or the other creditors should have the aid of his presence or testimony, as the sole effect of his failure to prove his claim would be to prevent his sharing in the assets. Moreover, he could have made a proof of claim at his home and sent it forward with a power of attorney to authorize the casting of his vote for assignee. He was thus voluntarily in this state, to enforce a claim of his own, as was the plaintiff in the present case. The reasons for the rule protecting a nonresident suitor or witness are stated and the cases reviewed in Parker v. Marco, 136 N. Y. 585, 32 N. E. 989, 20 L. R. A. 45, 32 Am. St. Rep. 770; Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.) 333, 134 Am. St. Rep. 886. In both these cases, however, the nonresident party was here as a defendant.

We think our courts should protect a nonresident coming into this state to attend upon litigation here, whether as plaintiff or defendant, against being required to engage in other litigation here against his

will. Such a rule will aid in the administration of justice and afford a protection which our citizens should receive in other jurisdictions.

We conclude that the order appealed from should be affirmed, with costs. All concur.