THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. MCGRATH et al., Appellants, *v.* GEORGE WEISS et al., Constituting the Town Board of the Town of Rockland, Respondents.

*Towns — water districts — certiorari — determination of town board establishing a water district confirmed.*

*People ex rel. McGrath* v. *Weiss,* 216 App. Div. 505, affirmed.

(Argued February 23, 1927; decided March 29, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 17, 1926, which unanimously confirmed, on certiorari, a determination of the town board of the town of Rockland that the petition presented to it for the establishment of a water district in said town was in fact signed and acknowledged by a majority of the owners of taxable real property in the proposed water district therein described, as appeared by the last preceding completed assessment roll of the town of Rockland, and establishing a water district accordingly.

*C. H. Hitchcock* for appellants.

*William G. Birmingham* for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

OLGA PETROVA, Appellant, *v.* WILLIAM H. ROBERTS, Respondent.

*Process — service — jurisdiction — non-resident alien, while attending court in this State as witness in action brought by him, may not be served with process in another action.*

*Petrova* v. *Roberts,* 216 App. Div. 814, affirmed.

(Submitted February 23, 1927; decided March 29, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial

department, entered April 16, 1926, which reversed an order of Special Term denying 'a motion by defendant to set aside service of the summons and complaint, and granted said motion. Defendant, a non-resident alien, was served with the summons and complaint herein while attending court as a witness in an action brought by him against the plaintiff herein.

The following question was certified: " Is a non-resident alien party, who himself begins litigation in this State in his own interest against a citizen of the State, amenable to the service of a summons and complaint in an action brought by the citizen, where the claim upon which the suit of the citizen is brought existed at the time the action was instituted by the non-resident, but could not be availed of as a defense or counterclaim therein? "

*Ralph A. Gilchrist* and *Charles T. Lark* for appellant.
*Melville H. Cane* for respondent.

Order affirmed, with costs; question certified answered in the negative; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

BENJAMIN STOLZ, as Trustee in Bankruptcy of GLENS FALLS JOBBING HOUSE, INC., Appellant, *v.* WILLIAM I. GINSBURG et al., Respondents.

*Corporations — directors — pleading — action by trustee in bankruptcy of bankrupt corporation to recover from directors the amount of unpaid notes accepted in payment for stock — sufficiency of complaint.*

*Stolz* v. *Ginsburg*, 217 App. Div. 701, affirmed.
(Argued February 23, 1927; decided March 29, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 11, 1926, which affirmed an order of Special Term granting a motion for a dismissal of the complaint. The action was brought by the trustee in bankruptcy against directors of the bankrupt corpora-