EVA WOODWARD et al., Plaintiffs, *v.* CONTINENTAL CHARTERS, INC., Defendant.

Supreme Court, Special Term, Erie County, November 13, 1952.

*Mortimer Allen Sullivan* for defendant appearing specially.

*Brock, Brock & Chirlin* for plaintiffs.

R. O'BRIEN, J. Motion by defendant's attorney, appearing specially, to set aside service of the summons in the above-entitled action.

Defendant is a foreign corporation engaged in the business of transporting passengers in interstate commerce via airplane. Its president, Mr. John A. Belding, a resident of Miami, Florida, attended a hearing at Little Valley, New York, on January 17 and 18, 1952, conducted by the Civil Aeronautics Board, in connection with the crash near Little Valley of one of defendant's planes while en route on a nonscheduled flight from Miami, Florida, to Buffalo, New York, on December 29, 1951.

The board had caused a subpœna to attend the hearing, to be served on Mr. Belding on January 12, 1952, at Miami, Florida. He arrived in the State of New York on January 16th, attended and testified at the hearing held on January 17 and 18, 1952, and departed from the State the following day. While in the State, he conducted no other or further business.

On January 18, 1952, this action was commenced by the service of the summons on Mr. Belding.

The plaintiffs, who are husband and wife and residents of Florida, seek to recover damages alleged to have been sustained by them as the result of personal injuries inflicted upon Mrs. Woodward, who was a passenger in the crashed plane.

It is conceded by attorneys for the litigants, that service of the summons upon Mr. Belding is void if his attendance as a witness at said hearing, was voluntary rather than by compulsion. (See *Parker* v. *Marco,* 136 N. Y. 585, and *Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377.) The plaintiffs assert that his attendance was the result of legal compulsion, while the defendant claims that it was voluntary.

The subpœna served upon Mr. Belding, was issued by the Civil Aeronautics Board pursuant to the provisions of subchapter IX of title 49 of the United States Code.

Under section 582 of title 49 of the code, the duty is imposed upon the board of investigating accidents involving aircraft and reporting the facts as to the probable cause thereof and ascertaining what will best tend to reduce or eliminate accidents. Under the general powers of the board, conferred in section 425, the board may conduct investigations and make such rules, regulations and adopt such procedures as it shall deem necessary to carry out its functions.

It is provided in subdivision (g) of section 622 that: " Any person who shall neglect or refuse to attend and testify   *   *   * in obedience to the subpena   *   *   *   of the Board, shall be guilty of a misdemeanor and, upon conviction thereof, shall be subject to a fine of not less than $100 nor more than $5,000, or imprisonment for not more than one year, or both."

Under subdivision (b) of section 644 the board is authorized to require by subpœna " the attendance and testimony of witnesses " and " Witnesses summoned before the Board shall be paid the same fees and mileage that are paid witnesses in the courts of the United States."

Under subdivision (c) of section 644, the attendance of witnesses " may be required from any place in the United States, at any designated place of hearing." This subdivision also provides that: " In case of disobedience to a subpena, the Board, or any party to a proceeding before the Board, may invoke the aid of any court of the United States in requiring attendance ".

Subdivision (d) of the section further authorizes the issuance of an order requiring a person to whom a subpœna has been issued, and who has disobeyed it, to appear before the board and give evidence, and in case of failure to obey such order the court may punish the person for contempt.

In view of these facts, it is my opinion that Mr. Belding's appearance as a witness at the hearing at Little Valley was by legal compulsion.

Motion denied. Submit order.