JACOB LANDSMAN, Plaintiff, *v.* DORIS RABINOWITZ et al., as Administrators C. T. A. of MILES RABINOWITZ, Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, July 18, 1955.

*Joseph G. Abramson* for plaintiff.

*Booth, Lipton & Lipton* for Saul Copellman, defendant appearing specially.

MARTIN M. FRANK, J. This is a motion to vacate the service of process upon the defendant Copellman. It appears that he is a resident of the City of Boston, Massachusetts, and never resided in this State. He was served with process in this action on June 15, 1955, while he was standing in the rotunda of the courthouse of the City Court of the City of New York. He was there both as the plaintiff and as a witness in an action which he brought in that court against the plaintiff and the codefendants in this action. These facts are not denied in the opposing affidavits.

The privilege of a nonresident party or witness to be immune from process while in attendance upon a judicial proceeding is a very ancient one (Year Book 13, Hen. IV., I. B. Viner's

Abr. " Privilege "; *Parker* v. *Marco,* 136 N. Y. 585, 589). It extends to every proceeding of a judicial nature (*Person* v. *Grier,* 66 N. Y. 124; *Matthews* v. *Tufts,* 87 N. Y. 568). " The tendency has been not to restrict but to enlarge the right of privilege so as to afford full protection to parties and witnesses    *    *    * during their attendance at court and for a reasonable time in going and returning " (*Chase Nat. Bank* v. *Turner,* 269 N. Y. 397, 400). In the last-cited case the defendant was held immune from service while attending the argument of an appeal in the Appellate Division.

In *Petrova* v. *Roberts* (245 N. Y. 518), the Court of Appeals affirmed the vacatur of a service of a nonresident defendant attending court as a plaintiff under circumstances strikingly similar to the case at bar.

The plaintiff urges that section 227-a of the Civil Practice Act changes the common-law rule. With that contention we cannot agree. It does make the attorney for a nonresident plaintiff his agent to receive process during the pendency of the action under specific situations. While those specific situations appear to be present here, the section does not provide for service upon the litigant personally. It is not for us to question the reasons which motivated the Legislature to limit the section in the manner indicated. Whether one is impressed with the arguments either pro or con for the statutory action taken is of little moment. The court does not possess the power to read into the section that which was obviously expressly omitted.

The motion to vacate the service is granted. Settle order.