Matthew M. Levy, J.
The defendant, appearing specially, moves to vacate the service of process upon him.
The defendant was (and is) a resident of, and engaged in business in, Bradford, Pennsylvania, some 360 miles distant from New York City. The plaintiff, a New York resident, was employed by Suburban Driving Center, Inc., a New York firm. The plaintiff was agent for his company for the purpose of taking delivery of an automobile owned by the defendant and sold by the defendant to Suburban and to be transported by the plaintiff to New York. The defendant received from the plaintiff as payment a check drawn by Suburban on the Pennsylvania Exchange Bank in New York. The check was returned unpaid. The defendant then caused the plaintiff to be arrested in New York on a charge of obtaining the automobile by false pretenses. An indictment did not follow and the plaintiff was released and not extradited to Pennsylvania.
Thereafter, the defendant brought suit in the United States District Court for the Southern District of New York against the Pennsylvania Exchange Bank and others, including the plaintiff’s principal, Suburban, and the company’s officers, based on the same check and automobile transaction. During the pendency of the action in the United States court, counsel for the parties in that suit, at the request of the bank, consensually arranged for the defendant (the plaintiff in that action) to attend in New York for the purpose of having his deposition taken in advance of the trial. The defendant so attended and submitted to examination and, upon the conclusion of the taking of the deposition, as he was about to depart for Pennsylvania, he was served with the summons and complaint in this action, instituted by the plaintiff for damages for false arrest and malicious prosecution. The defendant appeared herein specially and solely for the purpose of moving to vacate the service of process upon him on the ground that at the time thereof he was immune from the service of civil process within the State of New York.
A nonresident who enters this State voluntarily to attend as a party or a witness in any judicial proceeding pending in the State courts is immune to civil process while coming to, during and while going from such attendance (Petrova v. Roberts, 245 N. Y. 518). Parties and witnesses to a Federal proceeding in New York are likewise so exempt (Bunce v. Humphrey, 214 N. Y. 21). The immunity extends to such an appearance at'' an examination before trial in the action, whether in a State (New England Ind. v. Margiotti, 270 App. Div. 488, affd. 296 N. Y. 722) or Federal court (Parher v. Marco, 136 N. Y. 585). And it is not relevant that the defendant initiated the judicial *827 proceedings at which he was in attendance (Petrova v. Roberts, 245 N. Y. 518, supra; Roberts v. Thompson, 149 App. Div. 437).
The question as to whether in any particular ease an appearance is or is not voluntary hinges upon the penalty involved for nonappearance — whether there might be imprisonment for contempt or fine if no appearance (New England Ind. v. Margiotti, supra; Kreiger v. Kreiger, 71 N. Y. S. 2d 448, affd. 272 App. Div. 880). The case cited by the plaintiff (Frisbie v. Young, 11 Hun 474) involved a resident temporarily out of the State on business, who returned to appear at an examination before trial, and is therefore not in point.
Under the Federal Rules of Civil Procedure (rule 45, subd. [d], par. [2]), the defendant could not have been compelled to attend the examination before trial in New York, as his home and business were many times more than the prescribed 40 miles away (Mutual Finance Corp. v. Sobol, 7 F. R. D. 111 [S. D. N. Y.]). The attendance was plainly “ voluntary,” as that term is defined at law in the present context.
The contention of the plaintiff that the facts in the present action arose out of the same circumstances as those involved in the suit instituted by the defendant and which gave rise to the latter’s attendance here does not make the service valid (Petrova v. Roberts, 245 N. Y. 518, supra).
The special appearance is appropriate, the motion to vacate the service of the summons is well founded, and an order granting the relief prayed for by the defendant has been signed.