Charles Margett, J.
Defendant Rodney Rose, hereinafter referred to as the defendant, appears specially and moves to vacate service of process upon him on the ground that at the time he was served he was immune from service of process in New York State.
Defendant is a resident of California. He came to New York solely to submit to examination as a defendant in another action pending here. While in the courthouse he was served with the summons and complaint in this action. If this were all, defendant would be entitled to have the process vacated on the ground that he was immune from service while in this State to testify in another action. (New England Ind. v. Margiotti, 270 App. Div. 488, affd. 296 N. Y. 722.)
Plaintiffs contend, however, that service is valid by virtue of section 52 of the Vehicle and Traffic Law. That section provides, in substance, that the operation of a vehicle in this State by a nonresident is deemed equivalent to the appointment of the Secretary of State as his lawful attorney for the service of process in any action against him, growing out of any accident in which such nonresident may be involved, arising out of such operation of the vehicle in this State. The section further provides that service of the summons shall be made on the Secretary of State and that notice of such service and a copy of the summons and complaint be sent to the defendant by registered mail or served personally upon him without the State.
This action arises out of such operation of a motor vehicle and is one of three actions arising out of the same accident. Defendant, himself, is plaintiff in one of those actions wherein he is suing the present plaintiff, Carole Silfin. Process has been served upon the Secretary of State and a copy of the summons and complaint with the required notice was forwarded to the defendant, but returned by the post office marked “ Unknown.” Subsequently a copy was forwarded by registered mail to the defendant at an’ address in Harbor City, California, which, after having been forwarded by the post office to General Delivery, Los Angeles, was returned marked ‘ ‘ Unclaimed. ’ ’
Immunity from service of process is a privilege extended as a matter of public policy to facilitate the administration of justice and to induce nonresidents not otherwise amenable to service to come within the State and give their testimony. Ordinarily, a resident litigant is not harmed by the exemption because if it did not exist the nonresident would not come within the State and thus jurisdiction over him could not be obtained anyway.
*245 In the instant case, however, defendant’s presence within the State is not essential to obtaining jurisdiction over him. It could be obtained even if he remained in California. When he operated his car in New York he irrevocably designated the Secretary of State as his lawful attorney for service of process upon him, in any action arising out of such operation of the car. Under such circumstances the reason for the rule of immunity falls and the privilege should not be extended beyond the reason for the rule. (Thermoid Co. v. Fabel, 4 A D 2d 475.)
The motion to vacate the service of process is denied with leave to the defendant to appear and answer within 10 days after service upon his attorneys of a copy of the order hereon, Submit order.