Edward Chauvin et al., Respondents, v. Jean R. Dayon, Appellant.

Third Department, August 1, 1961.

*Dominic A. Morabito* of counsel (*Joseph Dean Edwards,* attorney), for appellant.

*Edward J. Trombley* and *James A. Fitzpatrick* for respondents.

HERLIHY, J. The defendant, a resident of Canada, while operating his automobile on the highways of this State in November, 1957, was involved in an automobile accident with residents of this State. In September, 1959, the plaintiff Edward Chauvin started an action for property damage against defendant by serving the Secretary of State pursuant to section 52 of the Vehicle and Traffic Law (now § 253) and thereafter the said Edward Chauvin and his wife Elizabeth Chauvin by the same manner of service sought to acquire jurisdiction over the defendant in a separate action for personal injuries. Service in this action was not completed as the registered letter addressed to the defendant at his address in Canada was returned with the notation " whereabouts unknown ".

In September, 1960, the defendant, without the service of any process, but following instructions from his New York attorney, came to this State to attend an examination before trial in the property damage action. While here he was served with a summons in the personal injury action, which service is now being questioned.

Ordinarily where a person comes into this State as a party and witness in a civil action, he is not under that degree of compulsion which deprives him of the privilege of being exempt from service of process. This is true even though the person enters the jurisdiction voluntarily. (*New England Inds.* v. *Margiotti,* 270 App. Div. 488, affd. without opinion 296 N. Y. 722.)

But if a foreign resident is arrested on a criminal charge in this State and released on bail and subsequently returned to the jurisdiction to answer the criminal charge, he does not act

voluntarily, but under compulsion of law, and is therefore not exempt from personal service of process in a civil case when he comes into the State.

In *Netograph Mfg. Co.* v. *Scrugham* (197 N. Y. 377, 380) the court said: "For present purposes it is enough to say that from the earliest times it has been the policy of the common law that witnesses should be produced for oral examination, and that parties should have full opportunity to be present and heard when their cases are tried. It is in furtherance of that policy and the due administration of justice that suitors and witnesses from abroad are privileged from liability to other criminal and civil prosecution, *eundo, morando, et redeundo* (Year Book, 13 Henry IV, I. B. Viner's Abr. ' Privilege.') It is not a natural right, but a privilege which has its origin in the necessity for protecting courts from interruption and delay, and witnesses or parties from the temptation to disobey the process of the courts. ' It has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly constituted tribunal which directly relates to the trial of the issues involved. It is not simply a personal privilege, but it is also the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice.' (*Parker* v. *Marco,* 136 N. Y. 585, 589, citing *Person* v. *Grier,* 66 N. Y. 124; *Matthews* v. *Tufts,* 87 id. 568.) It is not only a natural right but it is in derogation of the common natural right which every creditor has to collect his debt by subjecting his debtor to due process of law in any jurisdiction where he may find him. The privilege should, therefore, not be extended beyond the reason of the rule upon which it is founded. Since the obvious reason of the rule is to encourage voluntary attendance upon courts and to expedite the administration of justice, that reason fails when a suitor or witness is brought into the jurisdiction of a court while under arrest or other compulsion of law."

The purpose of the privilege of immunity is to encourage nonresidents to come within the jurisdiction of this State to attend judicial proceedings where if they had remained outside of the State they would not be subject to the jurisdiction of our courts.

We have a novel situation as to immunity. The Vehicle and Traffic Law provides a manner of constructive service on foreign residents involved in automobile accidents on our highways by the service on the Secretary of State and the mailing of the process to the defendant by registered mail and a return receipt or evidence of defendant's refusal to answer. The theory of such service is that if nonresidents wish to use our highways for

their enjoyment or business interests and while so doing inflict damage on our residents, they are subject to the jurisdiction of our courts, whether found within or without the State. Immunity is a privilege granted to nonresidents for coming into the jurisdiction and so, likewise, it is a privilege for nonresidents to use the highways of the State and thus they become subject to the Vehicle and Traffic Law which deems such use or operation a signification of an agreement that any summons served shall have the force and effect as if served personally upon such person within the State and that service upon the Secretary of State, acting as his lawful attorney, is irrevocable and binding upon such nonresident, his executors and assigns. Remaining outside the jurisdiction, under these circumstances, does not protect the person from service of process and this is the vital distinction as to the application of the privilege of immunity to the owners and operators of nonresident motor vehicles.

The only reported case on the subject matter is *Silfin* v. *Rose* (17 Misc 2d 243) where a Special Term found that the nonresident was not entitled to the privilege of immunity.

The appellant calls to our attention a distinction between the respective cases in that the party involved at Special Term was both a plaintiff and defendant and was within the jurisdiction in furtherance of his own action. However, this State makes no distinction between plaintiffs and defendants in court litigation as to the privilege of immunity. In *Petrova* v. *Roberts* (245 N. Y. 518, 519) the following certified question was answered by the court in the negative. " Is a non-resident alien party, who himself begins litigation in this State in his own interest against a citizen of the State, amenable to the service of a summons and complaint in an action brought by the citizen, where the claim upon which the suit of the citizen is brought existed at the time the action was instituted by the non-resident, but could not be availed of as a defense or counterclaim therein? "

We think that personal service under the circumstances herein was proper and that as to the owners and operators of nonresident motor vehicles operating within the jurisdiction of this State and involved in automobile accidents, the immunity rule should be relaxed. It would be an anomalous situation to hold that a nonresident is subject to constructive service pursuant to the Vehicle and Traffic Law but not amenable to personal service of process while within this State to attend a proceeding arising from the accident, the subject matter of the litigation. With State boundary lines being not much more than imaginary in this present day of interlocking Federal and interstate highways, to hold otherwise would be to promote and encourage

evasion of service once the party is without the jurisdiction. Such a determination will facilitate the free flow of motor vehicle traffic, without restraint, from State to State and the rights of nonresidents — by statute subject to constructive service — will not be violated or the general purposes of extending immunity frustrated. Where constructive service such as here is authorized, to hold otherwise would be to extend the privilege beyond the reason for the adoption of the rule.

The order should be affirmed.

Bergan, P. J., Gibson and Taylor, JJ., concur.

Order affirmed, without costs.