Benjamin Brenner, J.
Plaintiff husband moves to consolidate an action for a declaratory judgment invalidating Ms wife’s Nevada divorce and an action for breach of contract and requests leave to serve one consolidated complaint following summonses separately served in both actions. Defendant wife cross-moves pursuant to CPLR 3211 to quash the summonses on the ground that she was immune from service and further moves (1) .to dismiss the action for declaratory judgment on the ground that both parties are nonresidents, and (2) to dismiss the breach of contract action on the ground of forum non conveniens.
The husband asserts that his wife may not now contest the service of the summons as she made a general appearance in response to both summonses. The CPLR does not provide for special appearances and under 3211 (subd. [a], par. 8) the defendant may move to dismiss for lack of jurisdiction of her person. CPLR 320 (subd. [b]) requires that the motion to dismiss under CPLR 3211, based on improper service, must be asserted at the time of appearance by motion or in the answer. While on receipt of the summonses the defendant made a demand for a complaint, under CPLR 3012 (subd. [b]), on a form denominated as an “ appearance ”, such demand does not of itself 'constitute an appearance «0 that she may move to dismiss under 'CPLR 3211 (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 320.11) regardless of her failure to move to dismiss when she made such demand.
The wife claims immunity from service because she was served while voluntarily appearing at hearings oh August 24 *857 ami August 26 in a special proceeding initiated by the husband in the Supreme Court, New York County, by way of an order to show cause to obtain custody of or visitation rights to the children. It is freely conceded on both sides that the New York rule provides immunity from service to a nonresident who is voluntarily attending a court hearing* either as a witness, defendant, or plaintiff, and for reasonable traveling time going to court and returning home. (Thermoid Co. v. Fabel, 4 N Y 2d 494; Chase Nat. Bank of City of N. Y. v. Turner, 269 N. Y. 397, revg. 244 App. Div. 713; Petrova v. Roberts, 245 N. Y. 518.) The husband, however, asserts that there was a legally sufficient service effected because the wife was then attending court involuntarily (Woodward v. Continental Charters, 203 Misc. 581). The test in determining the true nature of the attendance is whether there may be imprisonment for contempt or fine for failure to appear. (New England Inds. v. Margiotti, 270 App. Div. 488, affd. 296 N. Y. 722.)
Now disobedience by the wife of the order to show cause which instituted the special proceeding could result in a default but not in punishment by way of jail or fine. The case is otherwise as to the subpoena simultaneously served upon her, which is an order, disobedience of which may subject one so served to punishment for contempt or fine (CPLR 2308). The wife makes much of the court’s failure to specifically order her to honor the subpoena at the hour to which the hearing was recessed and on the adjourned date thereof; but CPLR 2305 (subd. [a]) provides that the person subpoenaed shall appear at any recessed time or adjourned date when reasonable notice thereof has been given and that no further process is required to compel such later attendance. Clearly, the defendant here was aware of both the recess and the adjournment. She thus continued to be under the mandate of the subpoena when served with both summonses, so that I must conclude that the summonses were validly served.
The defendant also challenges the court’s jurisdiction in the action for breach of contract. The alleged contract is claimed to have been made in New York, performed in New York and breached in New York. The only argument offered by her with regard to the jurisdiction of the court in that action is that it is an inconvenient forum for the adjudication of the respective rights of the parties. This suit will obviously require witnesses who presently reside in this State, so that the wife’s claims as to the nonavailability of witnesses here are not tenable. She cites the case of Williams v. Seaboard Air Line R. R. Co. (9 A D 2d 268) wherein the court held that the *858 convenience of the court and not of the litigants is the primary consideration. Applying this view to the present situation, it would appear that New York is the most convenient forum. Certainly Nevada, which has no contacts with the witnesses or the subject matter of the alleged contract, would, if anything, be an inconvenient forum.
We come finally to the wife’s motion to dismiss the declaratory judgment action for nonresidency of both parties. There are no specific jurisdictional requirements contained in CPLR 3001 for the bringing of a declaratory judgment action even where it concerns the matrimonial status of the parties (Engel v. Engel, 275 App. Div. 14), such as are required for the bringing of an action for a divorce (Domestic Relations Law, § 170), a separation or an annulment (Domestic Relations Law, § 230). The taking of jurisdiction in an action for declaratory judgment is purely a matter of judicial discretion (Bareham v. City of Rochester, 246 N. Y. 140; Engel v. Engel, supra) and jurisdiction is generally declined where the State ‘ ‘ has no interest in or concern or contact with the marital status ” (Engel v. Engel, supra, p. 16; Burstein v. Jacobson, 278 App. Div. 556). Coneededly, the parties were married and their children born in this State and presently neither of them resides nor has property in New York, but the husband asks the court to assume jurisdiction because, in addition to the marriage and the birth of the children in New York, “ the defendant’s roots are in New York ” and while he is presently employed in Boston, he hopes soon to work or to live in this State. These nebulous plans for future residence in New York and irrelevant references to the wife’s “ roots in New York ” based primarily on her parents’ residence here are manifestly insufficient for the court to exercise discretion favoring jurisdiction in the action for a declaratory judgment.
The husband further pleads that he does not have an appropriate forum in which to adjudicate the matter of visitation. However, while the Nevada decree provides his wife with sole custody, it affords him reasonable visitation on making support payments and specifically reserves jurisdiction to make future orders for the support and maintenance of the minor children. It would thus appear that there is a forum in which the husband may seek continued visitation rights. Moreover, Nevada is the proper forum for this purpose since the children reside in and go to school in Nevada and if the concept of the State as parens patriae is to be applied, the only State which can presently claim such a role is Nevada. The husband’s assertion that if he were to seek visitation rights in Nevada the wife would remove there *859 from to thwart his efforts represents unsubstantiated fears; his claim that he would be put to undue expense if required to bring Rhode Island lawyers and others to Nevada is questionable as such testimony could be submitted to the Nevada courts in the form of depositions. In any case, the critical issue of the wife’s bona fide residence in Nevada at the time the divorce was granted would appear to involve testimony from persons who live in Nevada since they would be best able to testify as to the wife’s then actual residence.
This State attacks the validity of an improperly obtained foreign divorce decree as a matter of public policy to further its purpose of upholding the marriages of its domiciled citizens, unless dissolved principally through adultery or fraud. Some of our domiciled citizens doubt the wisdom of that policy and believe that confining dissolution to adultery amounts to ironclad and archaic compulsion to maintain the fiction of many a hopeless or impossible marriage. But if we must continue to burden our residents with that public policy and our manifestly unjust marriage dissolution laws, we should at least spare nonresidents from an equal fate. In short, if we must declare questionable foreign divorce decrees invalid, let us at least do so solely in behalf of New York residents.
I must say, in conclusion, that both attorneys deserve to be complimented for their excellent presentation of the facts and arguments in their respective affidavits and memoranda of law. It is a pleasant and refreshing reminder that even in this computer age, competent counsel will take the pains to make a scholarly and comprehensive presentation in aid of the court.
Plaintiff’s motion to consolidate and to serve a consolidated complaint is denied as academic. The defendant’s cross motion to dismiss the action for breach of contract is denied and to dismiss the action for a declaratory judgment is granted.