Martin Evans, J.
This is a motion by defendant, a nonresident of this State, by way of order to show canse, for an order declaring he is privileged from arrest on civil process or from the service of civil process during the time of his attendance at a hearing which has been directed to be held in this case, and for a reasonable time while going to and returning from the hearing.
Defendant contends that he is entitled to this exemption under section 25 of the Civil Eights Law, under common law, and under the due process clause of the Constitution of the United States.
Although the general rule of law is well known, the particular facts of this case present a matter of first impression in this State.
The general rule is clear. A nonresident or witness is privileged from service of civil process and from civil arrest during the reasonable time required in voluntarily going to, attending at, and departing from a judicial hearing. The rule is of ancient origin, and rests upon the recognition that the administration of justice is best served when parties or witnesses, who otherwise might refuse to attend are free to enter the jurisdiction without fear. For this reason, the privilege is limited to those who voluntarily appear. The privilege has been extended to those who attend at hearings of other than judicial *956 nature, such as those before a legislative commission (Thorp v. Adams, 58 Hun 603, opn. in 11 N. Y. S. 479 [1st Dept., 1890] ; Matter of Ferrari, 134 Misc. 728), before a referee in bankruptcy (Matthews v. Tufts, 87 N. Y. 1568); at a hearing before the Commissioner of Motor Vehicles (Stern v. Worth, 167 Misc. 605). The rule in New York and in the majority of States is that the privilege is solely that of the court and not that of the party or witness, and it is not to be extended beyond the reason for the rule.
The general rules may be found in the extensive annotation to Cake v. Haight (60 Misc. 386). (.See, also, Person v. Grier, 66 N. Y. 124; Parker v. Marco, 136 N. Y. 585; Roberts v. Thompson, 149 App. Div. 437; New England Inds. v. Margiotti, 270 App. Div. 488, affd. 296 N. Y. 722; Barbella v. Yale, 4 Misc 2d 825.) No purpose would be .served here by referring individually to the many cases. Among the 50 States and within the Federal jurisdiction, with their differing background and interpretations, there are, understandably, some varying results. It was well stated by Werner, J., in Netograph Mfg. Co. v. Scrugham (197 N. Y. 377, 379) that “Volumes of opinions have been written in which one can find all sorts of conflicting decisions and almost any dictum that one may be looking for. ”
“ There are minority rules and majority rules and sufficient dicta to provide several intermediate ones. But there seems to be a dearth of .studied opinions and a disdain or unawareness of practical considerations.” (Immunity and 'Sentimentality, 32 Cornell L. Q. 471, 472 [1947].)
The immunity may be claimed by a proceeding to vacate service of civil process, and while it has occasionally been sought in advance :of entering the State, as defendant has done here, this method is not to be approved, because as is apparent from the cases later cited, the determination as to whether immunity should be granted may be based in part upon the relationship of the facts in the matter that has caused the appearance of the witness or party to the facts alleged in the proceeding in which process is sought to be served.
The defendant may be entitled to immunity against civil arrest and service of process when the arrest, or service of process, is attempted in any other case that is not what he seeks here. He asks for immunity against arrest in this instant case.
For proper understanding and analysis, therefore, the background of this application must be set forth.
This action for a divorce was commenced in April, 1971, when defendant was personally served with a summons in New York, *957 and subject, in person, to the jurisdiction of this court. On October 12,1971, on plaintiffs motion, an order was made awarding plaintiff a weekly sum as temporary alimony, and counsel fees. By order dated March 6, 1972 .(Mr. Justice Rosenberg), the defendant ¡was held in contempt for failure to obey the order of Octobr 12, 1971. There was an order dated May 16, 1972 for sequestration of defendant’s property (Mr. Justice Fine), an order dated July ¡6, 1972 permitting the entry of a money judgment for arrears (Mr. Justice Rosenberg), and an order permitting the enforcement of the money judgment without limitation in other States and providing for the commitment of defendant should he return to New York was made on August 16,1972 (Mr. Justice Fein). None of these orders had the effect of obtaining ay payment to plaintiff, and the present arrears are considerable.
In April, 1973 defendant moved, by order to show cause, to dismiss the complaint on the ground that neither party had been a resident of this State for a continuous period of one year prior to the institution of the action. That limited issue has been set for a hearing before a Special Referee, and the order of commitment has been stayed, on condition that defendant post security for the payment of the amount of arrears.
There was no showing that defendant is unable to provide such security; indeed, from the undenied averments it is clear that this would cause him no particular hardship.
Defendant here seeks a modification of the prior orders of this court, to permit him to come in, testify and leave without any requirement for .security, and with immunity from arrest based on the prior orders in this very case.
Section 25 of the ¡Civil Rights Law does not support defendant’s motion. That section provides as follows:
“ A person duly and in good faith subpoenaed or ordered to attend, for the purpose of being examined, in a case where his attendance may lawfully be enforced by attachment or by commitment, is privileged from arrest in a civil action or special proceeding, while going to, remaining at, and returning from, the place where he is required to attend. An arrest, made contrary to the provisions of this section, is absolutely void and is a contempt of the court, if any, from which the subpoena was issued, or by which the witness was directed to attend.”
Since this is a limitation on the privilege of others to exercise their right to issue process and collect debts or otherwise rightly invoke the judicial power against a def endant, it must be strictly construed, and does not grant broad and general immunity. *958 (Rosenblatt v. Rosenblatt, 110 Misc. 525.) This has been a longstanding rule. (Hardenbrook’s Case, 8 Abb. Prac. 416.) Since no compulsion by way of subpoena or other order has been placed on defendant to appear, this section is not applicable.
Defendant’s reliance on a constitutional right to attend without fear of arrest or service of process is likewise without basis. There is no constitutional right to avoid an otherwise proper .service of process, or proper arrest, on the ground that a person is voluntarily in attendance in a jurisdiction for the purpose of giving testimony. The privilege of exemption is, as has been stated, not a privilege personal to the witness or party; it is a privilege belonging to the court. It is not to be extended beyond the necessities of the case and remains within the control of the court, or of the Legislature of each State.
There are limitations to the general common-law rule. In New York a nonresident party who begins litigation in his own interest against a citizen of this state is not amenable to service of process upon him by the citizen when the claim upon which the suit of the citizen is brought existed at the time the action was instituted by the nonresident but, by reason of the rules of pleading which existed at the time, would not be availed of as a defense or counterclaim herein. (Petrova v. Roberts, 245 N. Y. 518.) In view of the liberalization of the rules of pleading (see CPLB 3019), while the general rule continues to exist, it is doubtful that Petrova would be decided in the same manner today. (See, also, Immunity and Sentimentality, 32 Cornell L. Q. 471, 476, n. 24, supra, commenting on the Petrova case.)
Even in an early, and leading case in New York, Roberts v. Thompson (149 App. Div. 437, 438-439, supra) the court, although sustaining the general rule, said: “ We are not prepared to say that in such a case our courts would not take jurisdiction of a .non-resident plaintiff, if when the question arises, it is made to appear that it is necessary for the full protection of our citizen against whom the non-resident has brought his action here, but this is not such a case.”
Where the parties to a proposed lawsuit are the same as those to an existing action, and where the proposed lawsuit arose out of the .same state of facts as the existing action, the exemption does not apply. (Chauvin v. Dayon, 14 A D 2d 146; see, also, Silfin v. Rose, 17 Misc 2d 243.) While recognizing that the granting or denial of immunity is a matter to be decided according to the public policy of this State, other jurisdictions observe this exception to immunity, where the cases were related and the parties the same (Mullen v. Sanborn, 79 Md. 364; Liven- *959 good v. Ball, 63 Okla. 93; Rizo v. Burruel, 23 Ariz. 137; Ann. 19 A. L. R. 823; Murrey v. Murrey, 216 Cal. 707, cert. den. 289 U. S. 740; Roth v. W. T. Cowan, Inc., 103 F. Snpp. 203 [E. D. N. Y.]; St. John v. Superior Ct., 178 Cal. App. 2d 794; Ann. 84 A. L. R. 2d 421; Lienard v. De Witt, 153 So. 2d 302 [Fla.]; Rheaume v. Rheaume, 107 R. I, 500; United States Nat. Bank of Ore. v. Great Republic Life Ins. Co., 54 F. R. D. 498; see, also, Severn v. Adidas Sportschuhfabriken, 33 Cal. App. 3d 754) or where the claims upon which the service is made arises out of or as a result of the attendance at the first suit (Anderson v. Ivarsson, 77 Wn. 2d 391).
In Lamb v. Schmitt (285 U. S. 222, 226, 227-228), the court in a unanimous opinion by Mr. Justice Stowe said in denying immunity, referring to the deterrent effect of the possible use of contempt procedures on the party who sought to set aside service in a related case,
‘1 The deterrent effect, if any, upon attendance at the trial, if the possibility that these procedures may be resorted to, is outweighed by the fact that the immunity, if allowed, might paralyze the arm of the court and defeat the ends of justice in the very cause for the protection of which the immunity is invoked. ^ ^ #
“ Even if we make the assumption that the non-recognition of such immunity might have discouraged petitioner’s participation as counsel, still it would defeat, not aid the administration of justice in the principal cause to encourage petitioner’s voluntary presence by the grant of an immunity which would relieve him from any compulsion either to continue his presence or to answer for his acts affecting the progress of the cause. Judicial necessities require that such immunity should be withheld, and it was rightly denied by the court below. ’ ’ (See, also, Walker v. Calada Materials Co., 309 F. 2d 74 [C. A. 10th].)
The case at bar is one in which the defendant has been personally served with process and is personally subject to the jurisdiction of the court. The contempt order which he seeks to evade is not that of another suit, but one issued herein by the court, to compel him to obey the order of this court in this same case. ‘ ‘ Immunity was created to expedite the work of the court, not as a windfall for litigants. Immunity should be employed only to further the administration of justice.” (United States Nat. Bank of Ore. v. Great Republic Life Ins. Co., supra, p. 499.)
This case clearly presents an exception to the general rule, and the motion to grant immunity is decided as follows: With *960 respect to any other action where defendant is served with a summons or other process, the motion is denied without prejudice to the making of such motion in that proceeding. With respect to the instant case, the motion is denied.