■ Gerard Lentine et al., Appellants, v Empire Mutual Insurance Company et al., Defendants, and James V. Gould Co., Inc., et al., Respondents. — Appeal from an order of the Supreme Court, Kings County (Cooper, J.), dated July 2, 1980, dismissed, without costs or disbursements. Said order was superseded by a further order of the same court dated August 4, 1980, which was entered upon reargument. Order dated August 4, 1980, affirmed insofar as appealed from, without costs or disbursements. No opinion. Titone, J. P., Lazer, Gibbons and Boyers, JJ., concur.

■ Donna M. Lynn, Appellant, v Dennis D. Schreffler, Respondent. — Appeal by plaintiff from an order of the Supreme Court, Queens County (Rodell, J.), dated September 25, 1980, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction. Order affirmed, with $50 costs and disbursements. Defendant, a nonresident, had voluntarily entered this State to appear as a respondent in a Family Court support proceeding instituted by his former wife, the plaintiff herein. While he remained within the State overnight to attend a continued hearing in that matter, he was served with a summons in the instant action, which seeks to set aside, on the grounds of fraud and misrepresentation, an amended separation agreement between the parties. Service of the summons was invalid since defendant enjoyed immunity from the service of civil process during the reasonable time required in voluntarily going to, attending, and departing from the Family Court proceeding. (See *Chase Nat. Bank v Turner,* 269 NY 397; *Parker v Marco,* 136 NY 585; *DuPont v Bronston,* 46 AD2d 369; *Hodges v Hodges,* 202 Misc 71; *Block v Block,* 91 NYS2d 577.) We note that the instant action and the issues herein raised are separate from, and not directly related to, the Family Court support proceeding and the issues therein litigated. (Cf. *Zirinsky v Zirinsky,* 77 Misc 2d 954, 958; *Caldwell v Caldwell,* 189 Misc 845, 849.) We also note that it appears from the record that defendant is not subject to the "long-arm" jurisdiction of this State under CPLR 302 (subd [b]). (Cf. *Chauvin v Dayon,* 14 AD2d 146; *Silfin v Rose,* 17 Misc 2d 243.) Accordingly, Special Term's dismissal of the instant complaint for lack of personal jurisdiction should be affirmed. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.