■ P. NEAL WEHR, Individually and Suing on Behalf of Himself and All Other Stockholders of R. C. MEMHARD & CO., INC., Similarly Situated and in the Right of R. C. MEMHARD & CO., INC., et al., Respondents, v RICHARD C. MEMHARD et al., Appellants. — Order of the Supreme Court, New York County (Benjamin Altman, J.), entered December 20, 1983, which granted plaintiff's motion to confirm the report of the special referee holding that service of process had validly been made on defendants and denied the defendants' cross motion to disaffirm or in the alternative to dismiss on the ground of *res judicata,* modified, on the law, to the extent of dismissing plaintiff's action on the ground that it is barred by a prior adjudication and, except as so modified, affirmed, with costs to appellants.

This stockholder's derivative suit has a background which antedates the present action. Back in 1976 or early 1977 plaintiff brought suit against defendants, alleging three causes of action in diversion of corporate funds and one cause in breach of contract. Defendants moved to dismiss that action on the grounds, among others, that personal jurisdiction over the individual defendants had not been obtained and *forum non conveniens.* Special Term denied that motion. We affirmed (59 AD2d 1070). In due course that matter proceeded to trial. During the course of the trial of this first action, defendants were served, in the courtroom, with a second summons. The trial proceeded to completion and concluded with a result favorable to defendants.

In the second suit, which is the subject of this appeal, defendants again moved to dismiss upon several grounds. Primary among them was the contention that, as nonresidents of this State present voluntarily in this State solely for the purpose of testifying in the first lawsuit, they were immune from the service of process for the period reasonably necessary to accomplish that purpose (*Chase Nat. Bank v Turner,* 269 NY 397; *New*

*England Inds. v Margiotti,* 270 App Div 488, affd 296 NY 722; *Lynn v Schreffler,* 88 AD2d 927). Also advanced was the claim that, as nonresidents, personal jurisdiction over them had not been obtained. Special Term held the motion in abeyance and referred the matter for hearing.

After hearing, the special referee correctly noted that the immunity from service of process does not apply to a case where the issues arise out of the same state of facts as the action in connection with which the person served is in attendance (*Zirinsky v Zirinsky,* 77 Misc 2d 954). After examination of the pleadings in this and the prior action he found them to be "substantially identical although there are some changes of language and of the placement of allegations". Although he was of the opinion that plaintiff had not sustained his burden of establishing in personam jurisdiction, he concluded that the determination in the first action, affirmed by us, that such jurisdiction did exist precluded a holding that jurisdiction did not obtain.

Plaintiff moved to confirm the special referee's report. Defendants cross-moved to disaffirm or, in the alternative, to dismiss the action on the ground of *res judicata* based on the finding that the single cause of action in the present action is substantially identical with the causes of action alleged in the prior action and thus is subject to claim preclusion. Special Term granted the motion to confirm and denied the cross motion. We modify to dismiss the action on the ground of *res judicata.*

Of the four causes of action alleged in the first complaint, the contract cause was dismissed prior to trial. The remaining three causes resulted in a judgment for defendants. Comparison of the causes on which judgment was rendered with the cause alleged in this action indicates clearly the validity of the special referee's finding that they are substantially identical. Although the second complaint contains but one cause of action, examination indicates that the one cause encompasses the very same grievances which were the subject of the trial. Indeed, the prayer for relief in the instant action is set forth in language identical to that which dealt with the three causes which were tried.

Plaintiff attempts to avoid the consequences of claim preclusion by arguing that the present cause of action seeks damages which accrued subsequent to the service of the complaint in the first case — damages which, he claims, he was prevented from presenting by reason of a ruling of the Trial Judge. This argument overlooks completely the fact that the Trial Judge ruled that no liability existed on the part of defendants. Absent

liability, there is no damage. Thus, this finding in the prior action that no liability exists makes this argument irrelevant. Concur — Kupferman, J. P., Sullivan, Ross, Silverman and Bloom, JJ.