OPINION OF THE COURT
Stanley L. Sklar, J.
FACTS
George Ranis, a resident of Greece, was injured in a fire on September 6, 1983 on the vessel Button Gwinnet, owned by *773 Waterman Steamship Corporation. On October 10, 1983, Ranis started an action in this court against Waterman. Waterman’s answer alleged that Ranis was contributorily negligent in causing his own injuries.
On December 1, 1983, Waterman filed a petition for reorganization in bankruptcy. The filing automatically stayed the Ranis action until the stay was lifted by the Bankruptcy Court in April 1987. Settlement negotiations were held, but were not successful. Ranis came to New York for a deposition held on May 17, 1988 at defense counsel’s office. When the deposition concluded, defense counsel served Ranis with a summons with notice in the instant action by Waterman against Ranis for property damage to the vessel caused by the fire which was alleged to have been started by Ranis’ negligence.
Ranis now moves to dismiss Waterman’s action solely on the ground that there is a lack of jurisdiction since Ranis claims that as a nonresident who appeared in New York only to attend his deposition he is immune from service of process.
DISCUSSION
While earlier case law held that " 'a non-resident alien party, who himself begins litigation in this State in his own interest against a citizen of the State * * * [is not] amenable to the service of a summons and complaint in an action * * * where the claim upon which the suit of the citizen is brought existed at the time the action was instituted by [a] non-resident, but could not be availed of as a defense or counterclaim therein’ ” (Petrova v Roberts, 245 NY 518, 519 [1927]), the continuing viability of such rule has been questioned in light of "the liberalization of the rules of pleading (see CPLR 3019).” (Zirinsky v Zirinsky, 77 Misc 2d 954, 958 [Sup Ct, NY County 1974].) In addition the cases now hold that "[w]here the parties to a proposed lawsuit are the same as those to an existing action, and where the proposed lawsuit arose out of the same state of facts as the existing action, the exemption does not apply” (Zirinsky v Zirinsky, 77 Misc 2d 954, 958, supra; Wehr v Memhard, 106 AD2d 262, 263 [1st Dept 1984]; see generally, Lynn v Schreffler, 88 AD2d 927 [2d Dept 1982]).
Here, the parties to both actions are identical and the facts underlying Waterman’s action — namely, whether Ranis’ negligence caused the fire and whether he is therefore liable for property damage to the ship, arise out of the same facts underlying Ranis’ action, to wit, whether Waterman is respon *774 sible for Ranis’ injuries sustained as a result of that fire and whether Ranis is contributorily negligent for his own injuries.
Further, Ranis is constructively amenable to service of process since Waterman’s claim would have been allowed as a counterclaim in Ranis’ action (see, CPLR 303). Under such circumstances CPLR 303 permits service on the attorney of a nonresident plaintiff who has taken advantage of our legal system by beginning an action " 'in any court of this state’ ” (Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co., 63 AD2d 978 [2d Dept 1978], affg 100 Misc 2d 688). " 'The basis of jurisdiction in these cases is, not the defendant’s presence in the state, but the fact that he has elected to use our courts’ (Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co., supra, at 691, quoting McLaughlin Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C303:l, at 158.)
Since the purpose of the rule granting immunity is to permit the participation of nonresidents in New York proceedings without fear of being subjected to other lawsuits, where a nonresident can otherwise be served the granting of immunity serves no purpose. (Merigone v Seaboard Capital Corp., 85 Misc 2d 965, 967 [Sup Ct, Nassau County 1976]; Chauvin v Dayon, 14 AD2d 146, 149-150 [3d Dept 1961].)
Under such circumstances the general rule granting immunity to a litigant who appears in this jurisdiction solely to participate in a pending action is inapplicable. (Cf., Chauvin v Dayon, supra, at 149; Merigone v Seaboard Capital Corp., supra, at 967; but see, Landsman v Rabinowitz, 208 Misc 126 [Sup Ct, NY County 1955].)
In the instant case it would indeed be anomalous to permit service on Ranis’ attorney following his deposition but not on Ranis himself. Thus, immunity does not attach, and accordingly, the motion to dismiss for lack of jurisdiction is denied.